Judge ERDMANN delivered the opinion of the court.
Applying the principles set forth in United States v. Ginn, 47 M.J. 236 (C.A.A.F.1997), the United States Air Force Court of Criminal Appeals concluded that Staff Sergeant Benny C. Melson’s defense counsel was ineffective for failing to raise a claim of illegal pretrial punishment at trial under Article 13, *347 Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 813 (2000). United States v. Melson, No. ACM 36523, 2007 CCA LEXIS 372, at *18, 2007 WL 2791708, at *6 (A.F.Ct.Crim. App. Sept. 14, 2007) (unpublished). As a result of that determination, the Court of Criminal Appeals awarded Melson 142 days of credit for illegal pretrial confinement. Melson, 2007 CCA LEXIS 372, at *19, 2007 WL 2791708, at *6. The Government moved for reconsideration and for leave to file an affidavit from trial defense counsel that addressed Melson’s claims of ineffective assistance of counsel. The Court of Criminal Appeals denied both motions.
The Government subsequently certified two questions to this court pursuant to Article 67(a)(2), UCMJ, 10 U.S.C. § 867(a)(2) (2000):
I. WHETHER THE AIR FORCE COURT OF CRIMINAL APPEALS ERRED IN FINDING TRIAL DEFENSE COUNSEL INEFFECTIVE.
II. WHETHER THE AIR FORCE COURT OF CRIMINAL APPEALS ERRED IN REJECTING TRIAL DEFENSE COUNSEL’S AFFIDAVIT AS UNTIMELY.
65 M.J. 471 (C.A.A.F.2007).
When an accused raises allegations of ineffective assistance of counsel, trial defense counsel is not “compelled to justify their actions until a court of competent jurisdiction reviews the allegation of ineffectiveness and the government response, examines the record, and determines that the allegation and the record contain evidence which, if unrebutted, would overcome the presumption of competence.” United States v. Lewis, 42 M.J. 1, 6 (C.AA.F.1995). Here, while the lower court found that the presumption of competence was overcome, it did not subsequently provide the Government an opportunity to submit a statement or affidavit from Melson’s defense counsel to rebut the allegations. We hold that this was error and answer the second certified question in the affirmative.
We decline to address the first certified question as to whether defense counsel’s actions constituted ineffective assistance of counsel. Rather, we remand that issue for reconsideration by the Court of Criminal Appeals and direct that the lower court take into consideration the defense counsel’s affidavit and resolve the case in a manner consistent with Ginn, 47 M.J. 236, and United v. DuBay, 17 C.M.A. 147, 37 C.M.R. 411 (1967), as applicable.
Background
Melson was convicted by a military judge of wrongfid use of cocaine, assault, bigamy, possession of drug paraphernalia, attempted voluntary manslaughter, signing a false official statement, and disorderly conduct. The adjudged and approved sentence included a dishonorable discharge, confinement for twelve years, and reduction to E-l.
At trial the military judge asked defense counsel if there was “any issue of any Article 13 illegal pretrial punishment.” Defense counsel answered in the negative. During post-trial clemency submissions, Melson’s personal statement requested that the convening authority take into consideration certain conditions at the county jails where he was confined before trial.[1] Noting that the county jails “do not compare to the military confinement facilities,” trial defense counsel informed the convening authority that Mel-son “discusses in his letter to you the differences in an attempt to explain why he should receive more than one-for-one credit for the time he served in those facilities.”
On appeal to the Court of Criminal Appeals, Melson alleged, among other things, that his trial defense counsel was ineffective for failing to raise a claim of illegal pretrial confinement under Article 13, UCMJ. In support of this allegation, Melson submitted *348 Ms own declaration assertmg that he endured the following conditions while in pretrial confinement: harassment by a guard; subjected to extreme temperatures; demed access to legal resources; required to remain in prisoner clothes when taken to appointments on base; and not given access to a doctor for Ms back pain. Melson also asserted that he told defense counsel about these conditions the first time that he talked to her. According to Melson’s declaration, defense counsel informed him that nothing could be done about the conditions.
In response, the Government argued that there was nothing in the record to substantiate Melson’s allegations. The Government suggested that a reasonable explanation as to why defense counsel did not assert an Article 13, UCMJ, claim at trial was that Melson exaggerated or fabricated the conditions during clemency in an attempt to shorten Ms sentence. The Government also argued that even if the conditions that Melson described in his clemency request were true, the conditions would not amount to illegal pretrial pumshment. The Government did not, however, initially file an affidavit from the trial defense counsel with the Court of Criminal Appeals to rebut Melson’s assertions.
Relying on Ginn, the Court of Criminal Appeals decided the issue on the basis of Melson’s declaration. Melson, 2007 CCA LEXIS 372, at *12-*19, 2007 WL 2791708, at *5-*6. The lower court concluded that the conditions of Melson’s pretrial confinement were unduly rigorous, that additional credit may be given for illegal pretrial confinement, that trial defense counsel’s “failure to raise illegal pretrial punishment appears to be a lapse in performance,” that the lapse prevented Melson from receiving additional credit against the adjudged sentence, and that he was prejudiced by the deficiency. Melson, 2007 CCA LEXIS 372, at *18, 2007 WL 2791708, at *6. The lower court awarded Melson 142 days of credit for illegal pretrial confinement.[2] Melson, 2007 CCA LEXIS 372, at *19, 2007 WL 2791708, at *6.
The Government asked the Court of Criminal Appeals to reconsider its decision and also moved for leave to file a declaration by defense counsel that addressed the allegations of ineffective assistance. The Court of Criminal Appeals deMed both motions, noting that the Government “did not oppose the appellant’s initial affidavit when submitted to tMs Court and appell[ee] submitted nothing to contradict the assertions made in the affidavit despite having the opportunity to do so prior to our resolution of the ease.” The lower court determined that the opportumty to submit the declaration was forfeited and demed the motion to submit as untimely.
Discussion
The iMtial question before us is whether the Court of Criminal Appeals erred when it resolved the ineffective assistance of counsel claim in Melson’s favor without ordering or considering an affidavit from trial defense counsel.
The Government argues that trial defense counsel was not required to submit an affidavit that defended her actions until the Court of Criminal Appeals reviewed the allegation of ineffective assistance of counsel and determined that the presumption of counsel’s competence was overcome, citing Lewis, 42 M.J. 1, and United States v. Grigoruk, 52 M.J. 312 (C.A.A.F.2000). According to the Government, the Court of Criminal Appeals acted contrary to the procedure established m those cases by resolving the case in Melson’s favor before obtaining the trial defense counsel’s rebuttal.
In response, Melson argues that the Court of Criminal Appeals’ approach was appropriate under Ginn, 47 M.J. at 248, wMch allows the court to accept as uncontroverted a fact that is unopposed by the Government. According to Melson, the Government relied on its argument that Melson’s declaration was insufficient to meet Ms burden and the Court of Criminal Appeals should not be placed in the position of telling the Government how to *349 perfect its case. Melson implies that Grigoruk and Lewis are inapplicable to this case, arguing that the “context of Grigoruk and Lewis is limiting a Court of Criminal Appeals from compelling a trial defense [counsel] from acting, and not about requiring them to obtain such an affidavit as a predicate to finding ineffectiveness.”
As this case involves the relationship and interaction among Lewis, Ginn and Grigoruk, it is helpful to review those cases in sequential order. In Lewis, decided in 1995, we considered a procedure set out by the United States Army Court of Military Review in United States v. Burdine, 29 M.J. 834, 837 (A.C.M.R.1989), which required government counsel to contact trial defense counsel and provide an affidavit any time an ineffective assistance of counsel claim was raised. Lewis, 42 M.J. at 5-6. We rejected that procedure, stating:
Because an allegation of ineffectiveness of counsel waives the attorney-client privilege as to matters reasonably related to that allegation, trial defense counsel may choose to voluntarily respond to the allegation. In our view, however, trial defense counsel should not be compelled to justify their actions until a court of competent jurisdiction reviews the allegation of ineffectiveness and the government response, examines the record, and determines that the allegation and the record contain evidence which, if unrebutted, would overcome the presumption of competence. Only after the court has made such a determination should trial defense counsel be compelled to justify their actions. To the extent that Burdine requires a response from defense counsel without a judicial determination that such actions are necessary, we reject Burdine.
Id, at 6 (citation omitted).
In 1996 and 1997, this court revisited this area in United States v. Ginn (Ginn I), 43 M.J. 471 (C.A.A.P.1996) (summary disposition), and United States v. Ginn (Ginn II), 47 M.J. 236.[3] On appeal Ginn alleged ineffective assistance of counsel on the grounds that his defense attorney had coerced him to plead guilty. See Ginn II, 47 M.J. at 241 (detailing the procedural background of Ginn I). The lower court initially found the ineffective assistance of counsel claim meritorious based on Ginn’s affidavit and set aside the conviction because the “ ‘Government did not deign to obtain a rebuttal affidavit from trial defense counsel.’ ” Id. at 240 (quoting the lower court’s unpublished decision dated July 13,1994). Subsequently the lower court reconsidered its decision at the request of the government and reversed itself. Id. In the initial appeal to this court, we set aside the decision of the lower court in a summary order, noting:
We believe that our decision in United States v. Lewis, 42 M.J. 1, 6 (1995), requires that such an allegation be specifically rebutted before the validity of appellant’s assertions can be evaluated---The court should obtain evidence from defense counsel, by affidavit, testimony, or stipulation, as deemed appropriate by that court____
Ginn I, 43 M.J. at 472.
After obtaining and considering evidence, the lower court determined that the defense counsel was not ineffective. Ginn II, 47 M.J. at 241. The case then returned to this court for further review. In 1997 we issued Ginn II in which we determined that while the lower court’s ruling on remand had improperly resolved disputed factual issues on the basis of conflicting affidavits, the error was harmless based on a lack of prejudice. Nevertheless, we noted:
Our conclusion today does not undermine our earlier decision to remand this case to the Court of Criminal Appeals to secure responses from defense counsel and trial counsel. That action was accomplished in the interests of justice, in particular, be *350 cause of the serious nature of the attorney misconduct and fraud on the court alleged by appellant____
Id. at 246 n. 6.
We more recently addressed this area in 2000 in Grigoruk, where we reaffirmed our commitment to the procedure set out in Lewis. 52 M.J. at 315. In Grigoruk the accused alleged that trial defense counsel provided ineffective assistance in three specific ways. Id. at 314-15. The accused had filed his own affidavit in support of his claims with the court below, but the record did not include an affidavit from defense counsel in response. Id. at 314. The Court of Criminal Appeals summarily denied the ineffective assistance of counsel claims. Id. at 313. On appeal to this court, we held that two of Grigoruk’s claims could be rejected without further inquiry but one of the allegations “met the Lems threshold for compelling defense counsel to explain his actions.” Id. at 315. We remanded the case to the lower court with these instructions:
[The] court will request an affidavit from defense counsel explaining why [an expert] in child psychology was not called to challenge [the alleged victim’s] credibility. The court will obtain additional evidence if necessary, conduct further factfinding in a manner consistent with United States v. Ginn, 47 M.J. 236 (1997), and then reconsider appellant’s claim of ineffective representation.
Id. at 315-16.
Melson is correct in noting that Lewis arose in the context of whether and when the courts of criminal appeals can compel a defense counsel to file an affidavit addressing claims of ineffective assistance. Nevertheless, as the Government suggests, Lewis and Grigoruk set forth a process directing how the lower courts must address ineffective assistance of counsel claims which are supported by an appellant’s affidavit but where there is no corresponding affidavit from the defense counsel. The appellate court must first consider whether “the allegation and the record contain evidence which, if unrebutted, would overcome the presumption of competence.” Lewis, 42 M.J. at 6. If this threshold is met, the appellate court then must compel the defense counsel to explain his actions. Grigoruk, 52 M.J. at 315-16; see also United States v. Clark, 49 M.J. 98, 100-01 (C.A.A.F.1998).
Here, after considering Melson’s allegations of ineffective assistance of counsel, the record of trial, and the Government’s response, the Court of Criminal Appeals concluded that “failure to raise illegal pretrial punishment appears to be a lapse in performance.” Melson, 2007 CCA LEXIS 372, at *18, 2007 WL 2791708, at *6. Under Lewis and Grigoruk, at this point in appellate proceedings, the Court of Criminal Appeals was required to order a response from the trial defense counsel as to the allegations. Because the Court of Criminal Appeals resolved the case in Melson’s favor without directing defense counsel to answer the allegations, the lower court committed error.
Contrary to Melson’s argument, Ginn II does not justify the lower court’s resolution of the ineffective assistance of counsel claim in this case. Ginn II allows the Court of Criminal Appeals to rely on uncontroverted facts presented by affidavit on appeal, but it does not remove the procedural protections afforded to trial defense counsel in Lewis and reaffirmed in Grigoruk. On the contrary, Ginn II, which focused on factfinding in the context of conflicting affidavits, acknowledged these protections. See supra at 349-50.
Although we find error, we recognize that it is not uncommon for the government to respond to ineffective assistance of counsel allegations by submitting an affidavit from defense counsel before the Court of Criminal Appeals orders such action. Indeed, Government counsel acknowledged this practice during oral argument. We do not seek to change this practice. When colorable claims of ineffective assistance of counsel are raised on appeal, in those cases where the government can obtain an affidavit from trial defense counsel, the government should continue to endeavor to complete the appellate record promptly and avoid any undue delay. Nevertheless, where the Court of Criminal Appeals finds that allegations of ineffective *351 assistance and the record contain evidence which, if unrebutted, would overcome the presumption of competence and there is no affidavit from defense counsel in the record addressing those allegations, that court is required to obtain a response from trial defense counsel in order to properly evaluate the allegations.
Decision
The decision of the United States Air Force Court of Criminal Appeals is set aside. The record of trial is returned to the Judge Advocate General of the Air Force for remand to the court below. That court will reconsider Melson’s claims of ineffective assistance of counsel in a manner consistent with this decision, United States v. Ginn, 47 M.J. 236 (C.A.A.F.1997), and United v. Du-Bay, 17 C.M.A. 147, 37 C.M.R. 411 (1967), as applicable. Thereafter, Article 67(a), UCMJ, 10 U.S.C. § 867(a) (2000), will apply.

. In particular, Melson complained that he did not have access to a law library or a way to contact his attorney in confidence, that he was deprived of recreation time, housed with convicted prisoners, and made to wear prison stripes in confinement and while on base. Melson’s clemency submission also stated that he was not issued any clothing including socks and underwear, that his medical treatment was delayed, that he was forced to use the restroom in an open bay, and that he was forced to bathe in a sink in an open bay.

. In considering an unrelated issue, the Court of Criminal Appeals also set aside the charge for signing a false official record and its sole specification and reassessed the sentence, disapproving confinement in excess of eleven years and four months. Melson, 2007 CCA LEXIS 372, at *19, 2007 WL 2791708, at *7.

. Ginn II established the now familiar principles as to when a court of criminal appeals has authority to resolve post-trial issues framed by post-trial affidavits without ordering a factfinding hearing under United States v. DuBay, 17 C.M.A. 147, 37 C.M.R. 411 (1967). 47 M.J. at 248. That decision was preceded by Ginn I in which this court initially remanded the case to the Court of Criminal Appeals for further consideration and directed its subsequent return to this court for additional review. 43 M.J. at 472.