# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
HOLDEN, HOFFMAN, and CONN
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist JOHN A. GUNDERMAN, JR.**
**United States Army, Appellant**

ARMY 20080239

Headquarters, Combined/Joint Task Force - 101
Timothy Grammel, Military Judge
Colonel Peter M. Cullen, Staff Judge Advocate

For Appellant:  Lieutenant Colonel Mark Tellitocci, JA; Lieutenant Colonel Matthew M. Miller, JA; Major Grace Gallagher, JA; Captain Candace N. White Halverson, JA (on brief); Captain Jess B. Roberts, JA.

For Appellee:  Colonel Denise R. Lind, JA; Major Lisa L. Gumbs, JA; Major Christopher R. Clements, JA (on brief).

30 April 2009

------------------------------------------
OPINION OF THE COURT
------------------------------------------

CONN, Judge:

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of absence without leave and wrongful use of marijuana, in violation of Articles 86 and 112a, Uniform Code of Military Justice, 10 U.S.C. §§ 886 and 912a [hereinafter UCMJ].  The military judge sentenced appellant to a bad-conduct discharge, confinement for eight months, forfeiture of $898 pay per month for eight months, and reduction to Private E1.  In accordance with the terms of a pretrial agreement, the convening authority approved only so much of the sentence as provided for a bad-conduct discharge, confinement for four months, forfeiture of $898 pay per month for four months, and reduction to Private E1.

This case is before the court for review pursuant to Article 66, UCMJ.  Though unsupported by a sworn or even a signed statement from appellant, appellate defense counsel assert trial defense counsel was ineffective for failing to "advise appellant that he could request disapproval of the adjudged forfeitures, deferral under Article 57[, UCMJ] and waiver of automatic forfeitures under Article

58b,UCMJ."[1]  We disagree.  The record reflects appellant's trial defense counsel properly advised appellant of his post-trial appellate rights and was not ineffective in his representation.  Assuming, arguendo, trial defense counsel provided inadequate advice, appellant has not demonstrated prejudice.

We take this opportunity to emphasize the significance of a statement taken under oath and/or penalty of perjury[2] as compared to an unsigned document, particularly when such a document advances factual evidence of ineffective assistance of counsel not otherwise contained in the record of trial.  *See generally United States v. Melson*, 66 M.J. 346 (C.A.A.F. 2008); *United States v. Ginn*, 47 M.J. 236 (C.A.A.F. 1997) (an affidavit from appellant can necessitate a factfinding hearing beyond the powers of Article 66, UCMJ); *United States v. Reardon*, 15

---

[1] There are significant differences between a request for deferment under Article 57(a), UCMJ, and a request for waiver under Article 58b, UCMJ, not the least of which is who is entitled to receive funds from waived forfeitures (the accused's dependents) or deferred forfeitures (the accused).  A request for deferment concerns the reduction in grade or automatic forfeitures otherwise in effect between the date fourteen days after sentence and the date of action.  *See* Article 57(a)(2), UCMJ; *United States v. Emminizer*, 56 M.J. 441 (C.A.A.F. 2002); *United States v. Adney*, 61 M.J. 554 (Army Ct. Crim. App. 2005).

[2] In *United States v. Straight*, 42 M.J. 244, 248 (C.A.A.F. 1995), our superior court considered a declaration signed under an acknowledged penalty of perjury, rather than an affidavit, as a means of submitting post-trial evidence to the court.  *See also Hart v. Hairston*, 343 F.3d 762, 764 n.1 (5th Cir. 2003) ("[A] declaration . . . under 28 U.S.C. § 1746 . . . is competent sworn testimony for summary-judgment purposes.").  28 U.S.C. § 1746 provides:

> Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same . . . , such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated . . . .

C.M.R. 894 (A.F.C.M.R. 1954) (discussing the legal significance of an affidavit or sworn document), and cases cited therein.

## FACTS

During the sentencing phase of appellant's trial, appellant made an unsworn statement and requested a bad-conduct discharge so he could return immediately to his wife and mother, who lost custody of appellant's younger brother and needed appellant's assistance.  Based upon appellant's concern for his family, the defense counsel, Captain (CPT) H, asked appellant whether he desired the court to refrain from adjudging forfeiture of pay and allowances.  Appellant responded affirmatively.  Part of defense counsel's closing argument was a repetition of that request for the financial benefit of appellant's family.  Alternatively, CPT H requested a discharge for appellant in lieu of significant confinement.

Prior to adjournment of the court, the military judge discussed the sentence adjudged, the effects of appellant's pretrial agreement, and appellant's post-trial rights.  The military judge appended to the record a post-trial appellate rights form, initialed and signed by appellant.  This form specifically advised appellant of automatic forfeitures occurring by operation of Article 58b, UCMJ, and appellant's ability to request the convening authority defer both adjudged and automatic forfeitures.  Regarding appellant's post-trial rights, the following colloquy between appellant and the military judge ensued:

> MJ:  Specialist Gunderman, do you have a copy of
> Appellate Exhibit V, a post-trial and appellate rights form,
> in front of you?
> . . . .
>
> MJ:  Did you fully read this document before you signed
> it?
>
> ACC:  Yes, sir.
> . . . .
>
> MJ:  Specialist Gunderman, did your defense counsel
> explain these post-trial and appellate rights to you?
>
> ACC:  Yes, sir.
>
> MJ:  Do you have any questions about your post-trial and
> appellate rights?

ACC:  No, sir.

During the post-trial phase of appellant's court-martial, neither appellant nor his counsel requested forfeiture relief or mentioned the deferment or waiver request in subsequent submissions to the convening authority.  Captain H timely submitted a clemency petition and included appropriate enclosures to support his request that the convening authority disapprove the findings or reduce appellant's confinement. Captain H noted appellant's family circumstances, but did not refer to any specific financial hardship.  In appellant's letter to the convening authority submitted pursuant to Rules for Courts-Martial [hereinafter R.C.M.] 1105 and 1106, appellant apologized to his unit and fellow soldiers.  Appellant also made a specific request for clemency; however, notably absent from appellant's request was any appeal for any type of waiver or deferment of forfeitures:

> Sir, I would respectfully request that you set aside my conviction.  In addition, I request that you reduce my time in confinement so that I can return to my wife and provide for her emotionally and financially.  In the alternative, I request that you set aside my conviction so that I may be a useful member of society.  I have accepted responsibility for my actions.  I am asking for a second chance in life.

On 8 August 2008, appellate defense counsel submitted a brief alleging the following assignment of error:

> APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN THE POST-TRIAL PHASE OF HIS COURT-MARTIAL WHEN TRIAL DEFENSE COUNSEL FAILED TO ADVISE APPELLANT THAT HE COULD REQUEST DISAPPROVAL OF THE ADJUDGED FORFEITURES, DEFERRAL UNDER ARTICLE 57 AND WAIVER OF AUTOMATIC FORFEITURES UNDER ARTICLE 58b, UCMJ, AND TRIAL DEFENSE COUNSEL FAILED TO MAKE THOSE REQUESTS OF THE CONVENING AUTHORITY ON APPELLANT'S BEHALF.

In support of this assignment of error, appellate defense counsel submitted a Motion to Attach Defense Appellate Exhibit, a document purportedly from the accused—entitled "SWORN AFFIDAVIT"—supporting the allegation of ineffective assistance of counsel.  The document was unsigned and unsworn; however, a footnote to appellant's motion noted, "The unsigned version of appellant's affidavit is enclosed with this motion.  As soon as the signed and notarized copy is received

by appellate defense counsel, it will be provided to the Court." The unsigned document stated in pertinent part, "CPT [H] never told me that I could also submit a request to the convening authority that he not approve my adjudged forfeitures and defer my automatic forfeitures . . . [or] waive any automatic forfeitures." The unsigned document averred appellant would have requested deferment and waiver of forfeitures because appellant's wife was depending on his military pay for housing while he was in confinement.

We invited appellate defense counsel to obtain and present appropriate evidence in support of her assignment of error. On 25 February 2009, we ordered:

> [A]ppellant may file an affidavit or unsworn declaration under penalty of perjury relating to his allegation of ineffective assistance of counsel with the Court on or before 7 March 2009.
>
> If appellate defense counsel do not desire or are unable to file any additional documents, counsel will inform this Court in writing within five (5) days of the receipt of this Order.

On 2 March 2009, appellate defense counsel filed a response to our order stating, "[C]ounsel for appellant hereby notifies the Court that counsel is unable to obtain an affidavit or unsworn declaration from appellant." To date, appellant has not submitted a signed copy of appellant's "SWORN AFFIDAVIT."

## LAW

### *Deferment and Waiver of Forfeitures*

The convening authority may, upon request of an accused, defer automatic forfeiture of pay or allowances from their effective date fourteen days after sentence is announced until the date on which the convening authority approves the sentence. Article 57(a)(2), UCMJ; R.C.M. 1101(c)(2). Action on a deferment request must be in writing, and "must include the reasons upon which the action is based." *See United States v. Sloan*, 35 M.J. 4, 6-7 (C.M.A. 1992) (citing R.C.M. 1101(c)(3)).

Under Article 58b**,** UCMJ, a convening authority may waive automatic forfeitures for the benefit of a convicted servicemember's dependents if the member: (1) received a qualifying sentence, (2) is in confinement or on parole, and (3) is entitled to pay and allowances that are subject to mandatory forfeitures. *Emminizer*, 56 M.J. at 444. "When a servicemember is not entitled to compensation covered by

5

the mandatory forfeiture provisions of Article 58b, UCMJ, there is nothing to waive." *Id*.

*Ineffective Assistance of Counsel*

This court reviews claims of ineffective assistance of counsel de novo. *United States v. Wiley*, 47 M.J. 158, 159 (C.A.A.F. 1997). *Strickland v. Washington*, 466 U.S. 668, 687 (1984), established a two-part test for ineffective assistance of counsel: an appellant must show deficient performance and prejudice. There is a "strong presumption" counsel are competent. *Id.* at 689. Broad, generalized accusations are insufficient to satisfy the first prong. *See United States v. Moulton*, 47 M.J. 227, 229-30 (C.A.A.F. 1997). An appellant is entitled to raise claims of ineffective assistance of counsel regarding post-trial representation, judged by the same standard as representation at trial. *See Wiley*, 47 M.J. at 159.

Our superior court previously stated:

> Trial defense counsel should not be compelled to justify their actions until a court of competent jurisdiction reviews the allegation of ineffectiveness and the government response, examines the record, and determines that the allegation and the record contain evidence which, if unrebutted, would overcome the presumption of competence.

*United States v. Lewis*, 42 M.J. 1, 6 (C.A.A.F. 1995); *see generally Melson*, 66 M.J. 346; *Ginn*, 47 M.J. at 243 (Courts of Criminal Appeals lack authority to make findings of fact regarding post-trial claims of ineffectiveness of counsel based on conflicting post-trial affidavits).

## DISCUSSION

*Affidavits and Declarations Made under Penalty of Perjury*

Appellant has not filed an affidavit or unsworn declaration under penalty of perjury asserting he was misinformed by his trial defense counsel, that counsel's post-trial representation was contrary to appellant's wishes, or that he was prejudiced by trial defense counsel's purported inaction. We decline to use an unsigned document as extrinsic evidence upon which to base a decision. To be admissible before this court, factual assertions must be contained in an appellate record of trial or admitted in a proper form. Such an analysis is consistent with

related precedent from our courts[3] and civilian[4] practice. Indeed, our own internal rules of procedure reflect this requirement for some form of solemnity. The Army Court of Criminal Appeals Internal Rules of Practice and Procedure [hereinafter A.C.C.A. R.] mandate, "If a party desires to attach a statement of a person to the record for consideration by the Court on any matter, such statement shall be made either in an affidavit or as an unsworn declaration under penalty of perjury. . . ." A.C.C.A. R. 23(b) (adopting the Joint Rules of Practice and Procedure of the Courts of Criminal Appeals Rule 23(b)); *see generally United States v. Gilley*, 59 M.J. 245, 248 (C.A.A.F. 2004) (citing Eugene R. Fidell et al., *Rules of Practice and Procedure and Citation--United States Armed Services Courts of Criminal Appeals--United States Courts-Martial* (2003)).

In evaluating post-trial claims of ineffective assistance of counsel not previously raised or contained in the record of trial, an appellant should provide this court with either a sworn affidavit or a declaration made under the penalty of perjury. *See generally Ellis*, 47 M.J. at 22 (noting the lack of affidavit from the appellant and the "reluctan[ce] to invade the lawyer-client privilege . . . until appellant personally attacks his counsel."); *Ginn*, 47 M.J. at 248 (extra-record assertions of facts must be in admissible form). The affidavit or declaration must be accompanied by a motion to attach. *See* A.C.C.A. R. 23(b). In addition, appellant should provide additional supporting documents to substantiate those claims raised

---

[3] *See generally United States v. Ellis*, 47 M.J. 20, 22 (C.A.A.F. 1997*)* (noting the lack of affidavit to support appellant's post-trial claim); *United States v. Ramirez*, 19 M.J. 289 (C.M.A. 1985) (order) ("[I]n the absence of a stipulation or extraordinary circumstances, [a properly executed affidavit] is the only admissible evidence to demonstrate appellant's assertion of facts to explain his failure to file a timely petition."); *United States v. Bell*, 34 M.J. 937, 945 (A.F.C.M.R. 1992) (submissions that appellant wishes the court to consider for evidentiary purposes "should" be sworn).

[4] *See, e.g., Betouche v Ashcroft*, 357 F.3d 147 (1st Cir. 2004) (Board of Immigration Appeals did not abuse its discretion in denying relief to deportable alien who alleged ineffective assistance of counsel but failed to provide a sworn affidavit detailing his agreement with counsel or to advise counsel and give him opportunity to respond); *Nissho-Iwai American Corp. v. Kline*, 845 F.2d 1300, 1306 (5th Cir. 1988) (addressing the merits of an unsigned and unsworn affidavit); *United States v. Simmons*, 714 F.2d 29, 32 (5th Cir. 1983) (noting a witness had "little to lose" when a post-trial statement is not sworn); *People v. Johnson*, 183 Ill. 2d 176, 187 (Ill. 1998) (Defendant is not entitled to a post-trial evidentiary hearing unless "the trial record or accompanying affidavits" demonstrate the defendant's constitutional rights were violated).

in appellant's submissions. *See United States v. Crawford*, 62 M.J. 411 (C.A.A.F. 2006); *United States v. Gosser*, 64 M.J. 93 (C.A.A.F. 2006) (appellant failed to support his post-trial claim with substantiating documents).

By reaffirming this requirement, we do not exalt form over substance. We do not limit matters personally raised by an appellant or diminish the legal merit our court assigns to those issues, even when raised in an unsigned document. *See United States v. Peel*, 29 M.J. 235 (C.M.A. 1989) (evaluate substance rather than form when determining whether documents were properly considered *Grostefon* matters).[5] However, assertions of *fact*, even from an appellant, must either be contained in the record or offered in an admissible form.[6] Matters raised personally by the accused do not "signal [the] abolition of basic rules of appellate practice and procedure." *United States v. Healy*, 26 M.J. 394, 397 (C.M.A. 1988). *Grostefon* matters will be considered with the same importance and weight as matters raised by appellate counsel; however, in the same fashion that claims by counsel are not accepted as extrinsic facts, neither are unsigned *Grostefon* matters submitted by an appellant.

We therefore reaffirm a longstanding legal principle: the oath or swearing process itself has legal import. *See United States v. Trainor*, 376 F.3d 1325, 1332 (11th Cir. 2004) (An oath "may induce a feeling of special obligation to speak the truth, and it may also impress upon the witness the danger of criminal punishment

---

[5] We recognize and fully agree with our superior court's guidance on this matter:

> [T]he purpose of our holding in *Grostefon* was to assure that an accused had the opportunity to bring to the attention of the appellate court any issue he wished to have considered with respect to the findings and sentence, as finally approved by the convening authority. Thus, we require appellate defense counsel to invite the attention of the Court of Military Review or of this Court to issues specified by an accused. Thereby, we have sought to guarantee that no accused would be left with the belief that his lawyer had not raised an issue which he wished to have considered.

*Healy,* 26 M.J. at 397.

[6] We note, as has our sister court, there must be limitations on the form in which appellant raises *Grostefon* issues. *See Bell*, 34 M.J. 937. Documents an appellant wishes to be considered as evidence "should be sworn." *Id*.

for perjury, to which the judicial oath or an equivalent solemn affirmation would be a prerequisite condition."). The oath or swearing encourages a sense of obligation to tell the truth; "those who have been impressed with the moral, religious or legal significance of formally undertaking to tell the truth are more likely to do so than those who have not made such an undertaking or been so impressed." *United States v. Turner*, 558 F.2d 46, 50 (2d Cir. 1977).

*Application to this Case*

In light of appellate defense counsel's response to our order and the lack of a sworn statement from appellant, we must decide this case only upon the facts in the record of trial. The relevant facts are: (1) appellant signed a document labeled "Post-Trial and Appellant Rights" which informed him of the operation of Article 58b, UCMJ, and his right to "petition the convening authority to defer forfeitures until the time of final action"; (2) at trial, appellant agreed that he was properly informed of his post-trial appellate rights; and (3) appellant submitted a personal letter submitted pursuant to R.C.M. 1105 and 1106, void of any indication he desired automatic or adjudged forfeitures be deferred or waived.

Based upon these facts, appellant has not demonstrated he wished to submit a request for deferment and waiver of forfeitures, or that CPT H was deficient in his post-trial representation of appellant. To the contrary, the existing record demonstrates appellant was informed of his post-trial appellate rights, submitted a clemency request without reference to forfeitures, and was properly served with the record of trial. Appellant has the burden of establishing a factual foundation for a claim of ineffective representation. *See Moulton*, 47 M.J. at 229. Appellant has failed to do so in this case. *See generally Melson*, 66 M.J. at 347 (reaffirming the strong presumption of competence when evaluating ineffective assistance of counsel). Having failed to establish his counsel was deficient, we decline to grant relief.

Assuming, arguendo, appellant satisfied the first prong of *Strickland*, appellant has not established prejudice. Although appellant's unsigned "affidavit" asserts he would have requested a deferment and waiver of forfeitures if advised of his right to do so, appellant has failed to provide this court any offer of proof regarding what he would or could have submitted to support his deferment and waiver request. It is the responsibility of appellant to provide such information. *See Moulton*, 47 M.J. at 229-30 (C.A.A.F. 1997) ("When factual information is central to an ineffectiveness claim, it is the responsibility of [appellant] to make every feasible effort to obtain that information and bring it to the attention of the appellate court."). In the absence of additional information, it is pure speculation that the convening authority, who had already approved a favorable pretrial agreement, might have been inclined to grant further forfeiture relief. Under the circumstances

of this case, we find appellant failed to demonstrate prejudice and decline to grant relief.

## DECISION

We have considered the matters personally raised by appellant under *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and find them without merit. The findings of guilty and the sentence are affirmed.

Senior Judge HOLDEN and Judge HOFFMAN concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court