UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 CONN, HOFFMAN, and GIFFORD
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Private E1 TIMOTHY R. HOWARD
 United States Army, Appellant

 ARMY 20080807

 3rd Infantry Division and Fort Stewart
 Kirsten Brunson, Military Judge
 Colonel Jonathan C. Guden, Staff Judge Advocate

For Appellant: Colonel Mark Tellitocci, JA; Lieutenant Colonel Matthew M.
Miller, JA; Major Grace Gallagher, JA; Captain Elizabeth Turner, JA (on
brief).

For Appellee: Colonel Norman F. J. Allen, III, JA; Lieutenant Colonel
Martha L. Foss, JA; Major Sara M. Root, JA; Captain Kevin F. Sweeney, JA
(on brief).

 23 December 2009

 -----------------------------------------
 SUMMARY DISPOSITION
 -----------------------------------------

Per Curiam:

 A military judge sitting as a general court-martial convicted
appellant, pursuant to his pleas, of six specifications of absence without
leave and two specifications of escape from confinement, in violation of
Articles 86 and 95, Uniform Code of Military Justice, 10 U.S.C. §§ 886 and
895 [hereinafter UCMJ]. The military judge sentenced appellant to a bad-
conduct discharge, confinement for nine months, and reduction to Private
E1. The convening authority approved the adjudged sentence. This case is
before the court for review pursuant to Article 66, UCMJ.

 Though unsupported by a sworn or even a signed statement from
appellant, appellate defense counsel assert trial defense counsel was
ineffective for failing to consult with appellant regarding his clemency
submission. In support of this assignment of error, on 30 April 2009,
appellate defense counsel submitted a motion to attach a document
purportedly from the accused supporting the allegation of ineffective
assistance of counsel, entitled “AFFIDAVIT.” The document was unsigned and
unsworn; however, appellant’s motion noted, “While DAE A [appellant’s
affidavit] is unsigned, the signed copy is en route and a motion to
substitute will be filed immediately upon receipt of the signed affidavit.”

 On 20 November 2009, the government responded[1] to appellant’s brief
and noted that the affidavit was unsworn. This court waited an additional
month after the government’s submission to decide the case, in order to
provide appellant an opportunity to file a signed copy of his affidavit.
To date, no signed declaration or affidavit has been submitted on
appellant’s behalf.

 A signed affidavit or declaration made under penalty of perjury is
necessary when such a document advances essential factual evidence of
ineffective assistance of counsel not otherwise contained in the record of
trial. United States v. Gunderman, 67 M.J. 683, 688 (Army Ct. Crim. App.
2009), (citing United States v. Melson, 66 M.J. 346 (C.A.A.F. 2008); United
States v. Ginn, 47 M.J. 236 (C.A.A.F. 1997); United States v. Reardon, 15
C.M.R. 894 (A.F.C.M.R. 1954)). Appellant has the burden of establishing a
factual foundation for a claim of ineffective representation. United
States v. Moulton, 47 M.J. 227, 229-30 (C.A.A.F. 1997). Appellant, in
failing to submit a signed affidavit or declaration, has failed to meet his
burden. Thus, appellant has not made a colorable showing of possible
prejudice. United States v. Wheelus, 49 M.J. 283, 289 (C.A.A.F. 1998)

 DECISION

 We have considered the matters personally raised by appellant under
United States v. Grostefon, 12 M.J. 431 (C.M.A. 1982), and find them
without merit. The findings of guilty and the sentence are affirmed.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court

-----------------------
[1] The government subsequently, with leave of the court, filed a corrected
copy of its brief on 25 November 2009.