# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, ALDYKIEWICZ, and MARTIN
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant ALLISON L. SOMERSET**
**United States Army, Appellant**

ARMY 20110220

Headquarters, 8th Army
T. Mark Kulish, Military Judge
Colonel Jeffrey C. McKitrick, Staff Judge Advocate

For Appellant:  Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Richard E. Gorini, JA; Captain E. Patrick Gilman, JA (on brief).

For Appellee:  Major Robert A. Rodrigues, JA; Major Catherine L. Brantley, JA; Captain Bradley M. Endicott, JA (on brief).

22 March 2013

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A general court-martial composed of officer and enlisted members convicted appellant, contrary to her pleas, of false official statements and larceny of military property in violation of Articles 107 and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 907, 921 (2006) [hereinafter UCMJ].  The panel sentenced appellant to a bad-conduct discharge and confinement for 120 days.   The convening authority approved the adjudged sentence.

Appellant's sole assignment of error for our review under Article 66, UCMJ, is an allegation that she was denied her Sixth Amendment right to effective assistance of counsel in the post-trial phase of her court-martial.  Appellant avers by affidavit that she provided her defense counsel a signed, personal clemency letter and a letter written on her behalf by a Sergeant First Class, both of which she wanted the convening authority to consider pursuant to Rules for Courts-Martial [hereinafter R.C.M.] 1105.  In addition, appellant states that she informed her defense counsel of several soldiers who expressed a willingness to write letters on her behalf.  However, appellant's letters were not submitted to the convening

authority, and according to appellant, none of the soldiers she identified were ever contacted. In fact, the record reflects that, following service of the staff judge advocate recommendation (SJAR) and the record of trial, appellant's defense counsel informed the government via email that appellant "opted not to submit matters." As a result, no R.C.M. 1105 matters were submitted to the convening authority for his consideration prior to action.

In reviewing the record and appellant's allegations of ineffectiveness, we conclude that appellant's factual allegations, "if unrebutted, would overcome the presumption of competence" of defense counsel. *United States v. Lewis*, 42 M.J. 1, 6 (C.A.A.F. 1995). In order to resolve this issue, an affidavit from appellant's defense counsel would be required, *see United States v. Melson*, 66 M.J. 346, 350 (C.A.A.F. 2008), and if that affidavit conflicted with appellant's affidavit, then a factfinding hearing pursuant to *United States v. DuBay*, 17 U.S.C.M.A. 147, 37 C.M.R. 411 (1967), would likely be necessary, *see United States v. Ginn*, 47 M.J. 236 (C.A.A.F. 1997). However, we need not traverse this path in the instant case. Ultimately, we conclude, and the government concedes, appellant suffered material prejudice because "we are not convinced appellant was 'afforded a full opportunity to present matters to the convening authority prior to his action on the case,'" *United States v. Fordyce*, 69 M.J. 501, 504 (Army Ct. Crim. App. 2010) (en banc) (quoting *United States v. Hawkins*, 34 M.J. 991, 995 (A.C.M.R. 1992)).

Accordingly, in light of the government's concession and in the interest of judicial economy, we will grant appellant the relief she requests. The convening authority's initial action, dated 22 August 2011, is set aside. The record of trial will be returned to The Judge Advocate General for a new SJAR and a new action by the same or different convening authority in accordance with Article 60(c)–(e), UCMJ. In addition, appellant will receive assistance from a new defense counsel.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court