# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
WOLFE, SALUSSOLIA, and FLEMING
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Private E2 JACOB G. GRIEGO**
**United States Army, Appellant**

ARMY 20160487

Headquarters, Fort Stewart
John S.T. Irgens, Military Judge
Colonel Luis O. Rodriguez, Staff Judge Advocate (pretrial)
Colonel Michael D. Mierau, Jr., Staff Judge Advocate (post-trial)

For Appellant: Zachary Spilman, Esquire (argued); Captain Timothy G. Burroughs, JA; Zachary Spilman, Esquire (on brief and reply brief).

For Appellee: Captain Natanyah Ganz, JA (argued); Lieutenant Colonel Eric K. Stafford, JA; Major Cormac M. Smith, JA; Captain Natanyah Ganz, JA (on brief).

17 August 2018

--------------------------------
SUMMARY DISPOSITION
--------------------------------

Per Curiam:

This case is before us for review pursuant to Article 66, Uniform Code of Military Justice [UCMJ], 10 U.S.C. § 866.[1] Appellant raises six assignments of

---

[1] A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of eight specifications of sexual assault of a child; eleven specifications of sexual abuse of a child; two specifications of willfully disobeying an order of his superior commissioned officer; one specification of production of child pornography; two specifications of sexual exploitation of a child under 18 U.S.C. § 2251; one specification of wrongful possession of child pornography; two specifications of obstruction of justice; and one specification of enticing a child for indecent purposes in violation of Ga. Code § 16-6-5 assimilated by 18 U.S.C. § 13; in violation of Articles 120b(b), 120b(c), 92, and 134, UCMJ, respectively. The military judge sentenced appellant to a dishonorable discharge, confinement for 25

(continued . . .)

error. We address two of appellant's assigned errors, on which we grant relief and order the record of trial returned for a new Staff Judge Advocate's Recommendation (SJAR), submissions under Rules for Courts-Martial (R.C.M.) 1105 and 1106, and a new convening authority's action.

## BACKGROUND

### A. Child Enticement

Appellant pleaded guilty to various sexual offenses with multiple girls under the age of 16. Relevant to this decision, in Specification 2 of Additional Charge II, appellant pleaded guilty to "entic[ing] a child for indecent purposes. . . in violation of Georgia Code Section 16-6-5, assimilated into federal law by 18 U.S. Code Section 13."

### B. Clemency Matters

Appellant's trial defense counsel did not submit any substantive matters on appellant's behalf to the convening authority pursuant to R.C.M. 1105 and 1106. Instead, after the counsel had already been granted the single twenty-day extension allowed under R.C.M. 1105(c) and 1106(f)(5), and after his late request for an additional seven-day extension was denied, appellant's counsel belatedly submitted yet another request for an additional fourteen-day extension in lieu of submitting substantive matters under R.C.M. 1105 and 1106.

Appellant submitted an affidavit to this court alleging that his trial defense counsel failed to initiate contact with appellant regarding the assembly and submission of post-trial matters to the convening authority, and failed to seek matters in support of clemency from individuals to whom appellant referred him.

The government has not submitted any affidavit from the trial defense counsel addressing appellant's allegations of ineffective assistance. At oral argument, the government requested—even if we decide appellant has otherwise overcome the presumption of competent representation, and we find appellant has made a colorable showing of prejudice—we *do not* order the trial defense counsel to submit an affidavit. Rather, under these circumstances, the government requested we return this case for a new convening authority's action.

---

(. . . continued)
years, forfeiture of all pay and allowances, and reduction to the grade of E-1. The military judge granted appellant 132 days of confinement credit. The convening authority approved the adjudged sentence.

2

**LAW AND DISCUSSION**

*A. The Assimilative Crimes Act*

Appellant asserts, and the government concedes, Specification 2 of Additional Charge II fails to state an offense. The Assimilative Crimes Act (ACA), allows federal prosecutors to charge violations of state law in areas of federal jurisdiction when the subject matter of the offense is "not made punishable by any enactment of Congress . . . ." 18 U.S.C. § 13(a).

Congress made the subject matter of Specification 2 of Additional Charge II punishable in the federal child enticement statute: 18 U.S.C. § 2422. The Georgia statute alleged in Specification 2 of Additional Charge II, therefore, may not be assimilated under the ACA because Congress has specifically made the conduct punishable under federal law.

The Court of Appeals for the Armed Forces (CAAF) has held that failure to properly assimilate a state law offense through the ACA "relates to subject-matter jurisdiction." *United States v. Robbins*, 52 M.J. 159, 160 (C.A.A.F. 1999). The CAAF elaborated: "If the offense was improperly assimilated, it was not cognizable by a court-martial." *Id*.[2] We shall therefore grant relief in our decretal paragraph.

*B. Ineffective Assistance of Counsel*[3]

In order to prevail in an ineffective assistance of counsel claim, an appellant must first show his or her counsel's performance was deficient, and second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S.

---

[2] Long after *Robbins*, the President amended R.C.M. 907(b), making failure to state an offense "waivable." Exec. Order No. 13730, 81 Fed. Reg. 102, 33,336 (26 May 2016). It is not clear what, if any, effect this change would have on whether subject matter jurisdiction is waivable or not. Despite the change to R.C.M. 907(b), R.C.M. 905(e) still lists both jurisdiction and failure to state an offense as the only bases for dismissal that are not waived by failure to raise them at trial. In his pretrial agreement, appellant agreed "to waive all non-jurisdictional motions." To resolve the issue before us we need not address what, if any, effect the amendment of R.C.M. 907(b) has on the precedential value of *Robbins*. The appellant has asserted error and the government has conceded it without arguing the error was waived.

[3] In *United States v. Banks*, 75 M.J. 746, 749-50 (Army Ct. Crim. App. 16 Aug. 2016), we theorized that the proper lens through which to review a counsel's failure to timely submit post-trial matters is ineffective assistance of counsel. This is the approach we now take.

668, 687 (1984). A defense counsel "is strongly presumed to have rendered adequate assistance . . . ." *Id.* at 690.

Appellant has presented sufficient evidence to overcome the presumption of competent representation if the evidence remains unrebutted. On its face, the trial defense counsel's failure to submit any substantive matters to the convening authority evinces a fundamental breakdown in effective representation.

The convening authority in this case was fully empowered to grant appellant clemency or other relief under Article 60, UCMJ, as it existed prior to the National Defense Authorization Act (NDAA) for Fiscal Year 2014. Pub. L. No. 113-66, 127 Stat. 672 (2013).[4] Under these circumstances, trial defense counsel's complete failure to submit substantive matters under R.C.M. 1105 and 1106 constitutes a colorable showing of prejudice to appellant.

When an appellant overcomes the presumption of competent representation, and demonstrates prejudice under the applicable standard, this court will find ineffective assistance of counsel—yet we do not reach that issue in this case. Our superior court's precedent requires us to obtain an affidavit from a trial defense counsel prior to finding he or she was ineffective. *United States v. Melson*, 66 M.J. 346, 350-51 (C.A.A.F. 2008). Unlike the facts in *Melson*, in this case, the government has not only declined to offer us an affidavit from the allegedly ineffective defense counsel, the government has explicitly requested we forego the requirement of an affidavit if we find the appellant has otherwise overcome the presumption of competence and otherwise made a colorable showing of prejudice. Thus, this case is distinguishable from *Melson*.

The CAAF's decision in *Melson*, however, is grounded partly on the right of a defense counsel to account for his or her actions before a court makes the potentially damaging finding that he or she was ineffective. *See id.* at 350 (discussing "the procedural protections afforded to trial defense counsel") (citing *United States v. Grigoruk*, 52 M.J. 312 (C.A.A.F. 2000); *United States v. Lewis*, 42 M.J. 1 (C.A.A.F. 1995)).

Rather than determine whether this case is sufficiently distinguishable from *Melson* to find ineffective assistance without ordering an affidavit from the implicated counsel, we instead grant appellant relief by taking a slightly different

---

[4] The 2013 NDAA significantly limited convening authorities' power to grant post-trial relief in cases involving serious offenses. Because some of the charges to which appellant pleaded guilty predate the effective date of the relevant NDAA provisions, the convening authority in appellant's case retained almost plenary power to grant appellant post-trial relief.

approach. Even if, under *Melson*, we cannot find ineffective assistance without ordering a further affidavit, neither can we affirm the findings and sentence when the appellant has presented unrebutted evidence that overcomes the presumption of competent representation and has made a colorable showing of prejudice. *See* Article 66(c), UCMJ. In light of our mandate to affirm only findings and sentences that "should be approved," and in the interest of judicial economy, we will return this case for a new SJAR, submission of matters under R.C.M. 1105 and 1106, and a new action. *See United States v. Somerset*, ARMY 20110220, 2013 CCA LEXIS 246, at *3-4 (Army Ct. Crim. App. 22 Mar. 2013).[5]

## CONCLUSION

The finding as to Specification 2 of Additional Charge II is SET ASIDE and DISMISSED.

The convening authority's action dated 8 November 2016 is SET ASIDE. The record of trial will be returned to The Judge Advocate General for a new SJAR, submission of new matters under R.C.M. 1105 and 1106, and a new action by the same or a different convening authority in accordance with Article 60(c)-(e), UCMJ.

In light of the dismissal of Specification 2 of Charge II, any sentence to confinement approved by the convening authority may not include confinement in excess of twenty-four years and nine months. *See United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013).

This decision is without prejudice to appellant's right to raise his remaining assignments of error anew if appellant's case returns to this court for further review.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

[5] Put differently, we find appellant is entitled to relief under Article 66(c), UCMJ, but we do not find his counsel's representation was ineffective as his counsel was not provided an opportunity to rebut appellant's allegations.