*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps Court of Criminal Appeals

Before
CRISFIELD, HOLIFIELD, and LAWRENCE
Appellate Military Judges

_____

**UNITED STATES**
Appellee

**v.**

**Mathew W. ANDERSEN**
Private (E-1), U.S. Marine Corps
Appellant

**No. 201900233**

Decided: 30 October 2020

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge:
Roger E. Mattioli

Sentence adjudged 12 June 2019 by a special court-martial convened at Marine Corps Base Quantico, Virginia, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: forfeiture of $1120.60 per month for four months and a bad conduct discharge.

For Appellant:
*Commander Mark Takla, JAGC, USN*

For Appellee:
*Lieutenant Kevin G. Edwards II, JAGC, USN*
*Lieutenant Joshua C. Fiveson, JAGC, USN*

_____

*30 October 2020: Administrative correction to add Appellee counsel.*

**This opinion does not serve as binding precedent, but
may be cited as persuasive authority under
NMCCA Rule of Appellate Procedure 30.2.**

———————————————

PER CURIAM:

A military judge sitting as a special court-martial convicted Appellant, pursuant to his pleas, of three specifications of larceny and one specification of unlawful entry, in violation of Articles 121 and 134, Uniform Code of Military Justice [UCMJ], 10 U.S.C. §§ 921, 934. Appellant asserts one assignment of error: that the military judge erred when he failed to announce forfeitures as an exact dollar amount per month. We agree.

"Unless a total forfeiture is adjudged, a sentence to forfeiture shall state the exact amount *in whole dollars* to be forfeited each month and the number of months the forfeitures will last." Rule for Courts-Martial 1003(b)(2) (emphasis added). Here, the military judge announced the forfeitures as "$1120.60 per month for a period of four months" instead of expressing the partial forfeitures as a whole dollar amount per month. The Entry of Judgment repeats the forfeiture language as announced.

"The failure of the military judge to account for forfeitures in a dollar amount is a clerical error with 'no prejudicial impact on the accused,' and it is easily remedied." *United States v. Jewett*, No. 200900167, 2009 CCA LEXIS 688, at *2 (N-M. Ct. Crim. App. 24 Sept. 2009) (unpublished op.) (quoting *United States v. Gilgallon*, 2 C.M.R. 170, 172 (C.M.A. 1952)). Failure to use whole dollars is no different, with the remedy being to reduce forfeitures approved by the convening authority to a whole dollar amount per month.

Accordingly, the findings and only so much of the sentence approved below as provides for forfeiture of $1,120.00 pay per month for four months and a bad-conduct discharge are affirmed. All rights, privileges, and property of which Appellant has been deprived by virtue of execution of forfeitures in the Entry of Judgment which have not been affirmed will be restored. We issue a corrected Entry of Judgment, in accordance with Rule for Courts-Martial 1111(c)(2). After careful consideration of the record, we have determined that the findings and  sentence as modified are correct in law and fact and that no error materially prejudicial to Appellant's substantial rights occurred. UCMJ arts. 59, 66.

The findings and sentence as modified are **AFFIRMED**.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court

# United States Navy–Marine Corps Court of Criminal Appeals

| | |
|---|---|
| **UNITED STATES** | NMCCA NO. 201900233 |
| **v.** | **ENTRY OF JUDGMENT** |
| **Mathew W. ANDERSEN**<br>**Private (E-1)**<br>**U.S. Marine Corps**<br>**Accused** | *As Modified on Appeal*<br><br>**30 October 2020** |

On 12 June 2019, the Accused was tried at Marine Corps Base Quantico, Virginia, by a special court-martial, consisting of a military judge sitting alone. Military Judge Roger E. Mattioli, presided.

## FINDINGS

The following are the Accused's pleas and the Court's findings to all offenses the convening authority referred to trial:

**Charge I:** **Violation of Article 121, Uniform Code of Military Justice, 10 U.S.C. § 921.**

> *Plea:* Guilty.
> *Finding:* Guilty.

**Specification 1:** **Larceny between on or about 23 June 2018 and 21 July 2018.**

> *Plea:* Guilty.
> *Finding:* Guilty.

**Specification 2:** **Larceny between on or about 30 June 2018 and 26 July 2018.**

> *Plea:* Guilty.
> *Finding:* Guilty.

*30 October 2020: Administrative correction to add Appellee counsel.*

**Specification 3:   Larceny between on or about 8 August 2018 and 23 August 2018.**

> *Plea:* Guilty.
> *Finding:* Guilty.

**Charge II:   Violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934.**

> *Plea:* Guilty.
> *Finding:* Guilty.

**Specification:   Unlawful entry on or about 7 October 2018.**

> *Plea:* Guilty.
> *Finding:* Guilty.

## SENTENCE

On 12 June 2019, a military judge sentenced the Accused to the following:[1]

**Forfeiture of $1120.00 pay per month for four months.**

**A bad-conduct discharge.**

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court

---

[1] The military judge also sentenced the Accused to confinement for four months. However, the convening authority disapproved all confinement in accordance with the plea agreement.