# United States Navy–Marine Corps Court of Criminal Appeals

Before
GASTON, STEWART, and ATTANASIO
Appellate Military Judges

_____

**UNITED STATES**
*Appellee*

**v.**

**Adrian A. LOPEZ**
Lance Corporal (E-3), U.S. Marine Corps

Appellant

**No. 202000201**

Decided: 30 March 2021

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge:
Andrea C. Goode

Sentence adjudged 15 May 2020 by a special court-martial convened at Camp Pendleton, California, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: reduction to E-1, confinement for four months, forfeiture of two-thirds pay per month for four months, and a bad-conduct discharge.

For Appellant:
*Captain Thomas P. Belsky, JAGC, USN*

For Appellee:
*Brian K. Keller, Esq.*

_____

**This opinion does not serve as binding precedent under
NMCCA Rule of Appellate Procedure 30.2(a).**

_____

PER CURIAM:

Appellant was convicted, in accordance with his pleas, of two specifications of wrongful use of a controlled substance, in violation of Article 112a, Uniform Code of Military Justice [UCMJ], 10 U.S.C. § 912a. This case was submitted without assignment of error. However, we find the military judge erred when announcing the adjudged partial forfeiture component of the sentence.

When a partial forfeiture is adjudged, the sentence must state the exact dollar amount of the forfeiture. R.C.M. 1003(b)(2) ("Unless a total forfeiture is adjudged, a sentence to forfeiture shall state *the exact amount in whole dollars* to be forfeited each month and the number of months the forfeitures will last.") (emphasis added). Here, instead of expressing the partial forfeiture in an exact whole-dollar amount, the military judge erroneously announced the forfeiture as "two-thirds of your pay per month for a period of four months." The entry of judgment reflects similarly irregular language: "forfeiture of 2/3 pay for 4 months."

"The failure of the military judge to account for forfeitures in a dollar amount is a clerical error with 'no prejudicial impact on the accused,' and it is easily remedied." *United States v. Jewett*, No. 200900167, 2009 CCA LEXIS 688, at *2 (N-M. Ct. Crim. App. 24 Sept. 2009) (unpub. op.) (quoting *United States v. Gilgallon*, 2 C.M.R. 170, 172 (C.M.A. 1952)). We will do so.

At Appellant's reduced grade of E-1,[1] forfeiture of two-thirds pay per month for a period of four months calculates to $1,155.40 pay per month for four months. Accordingly, the findings and only so much of the sentence as provides for reduction to E-1, forfeiture of $1,155.00 pay per month for four months, confinement for four months, and a bad-conduct discharge are affirmed. All rights, privileges, and property of which Appellant has been deprived by virtue of execution of forfeitures which have not been affirmed

_____

[1] *See* R.C.M. 1003(b)(2) (maximum forfeiture calculated based on accused's reduced grade).

will be restored. We issue a corrected Entry of Judgment, in accordance with Rule for Courts-Martial 1111(c)(2).

After careful consideration of the record, we have determined that the findings and sentence as modified are correct in law and fact and that no error materially prejudicial to Appellant's substantial rights occurred. UCMJ arts. 59, 66.

The findings and sentence are **AFFIRMED**.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court

# United States Navy–Marine Corps
# Court of Criminal Appeals

| | |
|---|---|
| **UNITED STATES** | **NMCCA NO. 202000201** |
| **v.** | **ENTRY OF JUDGMENT** |
| **Adrian A. LOPEZ** Lance Corporal (E-3) U.S. Marine Corps *Accused* | *As Modified on Appeal* **30 March 2021** |

On 15 May 2020, the Accused was tried at Camp Pendleton, California, by a special court-martial, consisting of a military judge sitting alone. Military Judge Andrea C. Goode presided.

## FINDINGS

The following are the Accused's pleas and the Court's findings to all offenses the convening authority referred to trial:

**Charge I:** **Violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a.**

*Plea:* Guilty.
*Finding:* Guilty.

**Specification 1:** **Divers Wrongful Use of Cocaine between on or about 25 December 2019 and on or about 19 February 2020.**

*Plea:* Guilty.
*Finding:* Guilty.

**Specification 2:** **Divers Wrongful Use of Lysergic Acid Diethylamide between on or about 24 April 2019 and on or about 19 February 2020.**

*Plea:* Guilty.
*Finding:* Guilty.

**Specification 3:** **Divers Wrongful Distribution of Lysergic Acid Diethylamide between on or about 24 April 2019 and on or about 7 March 2020.**

> *Plea:* Not Guilty.
>
> *Finding:* Dismissed.

**Specification 4:** **Divers Wrongful Distribution of Methylenedioxymeth-amphetamine between on or about 24 April 2019 and on or about 7 March 2020.**

> *Plea:* Not Guilty.
>
> *Finding:* Dismissed.

**Specification 5:** **Divers Wrongful Distribution of Cocaine between 1 January 2020 and 19 February 2020.**

> *Plea:* Not Guilty.
>
> *Finding:* Dismissed.

**Charge II:** **Violation of Article 82, Uniform Code of Military Justice, 10 U.S.C. § 892.**

> *Plea:* Not Guilty.
>
> *Finding:* Dismissed.

**Specification 1:** **Soliciting Another to Possess a Controlled Substance on or about 7 March 2020.**

> *Plea:* Not Guilty.
>
> *Finding:* Dismissed.

**Specification 2:** **Divers Soliciting Another to Possess a Controlled Substance between on or about 1 December 2019 and on or about 7 March 2020.**

> *Plea:* Not Guilty.
>
> *Finding:* Dismissed.

## SENTENCE

On 15 May 2020, a military judge sentenced the Accused to the following (as modified, if at all, during any post-trial action):

**Reduction to pay grade E-1.**

**Confinement for a total of 4 months.**

*For Specification 1 of Charge I:* confinement for 4 months.

*For Specification 2 of Charge I:* confinement for 4 months.

The terms of confinement will run concurrently.

**Forfeiture of $1155.00 pay per month for 4 months.**

**A bad-conduct discharge.**

The Accused shall be credited with having served 63 days in pretrial confinement, to be deducted from the adjudged sentence to confinement.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court