UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 HOLDEN, HOFFMAN, and CONN
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Private First Class WESLEY C. FORD
 United States Army, Appellant

 ARMY 20080681

 Headquarters, 82d Airborne Division
 Patrick J. Parrish, Military Judge
 Lieutenant Colonel William A. Schmittel, Acting Staff Judge Advocate
 (pretrial)
 Lieutenant Colonel Paul S. Wilson, Staff Judge Advocate (post-trial)

For Appellant: Major Grace M. Gallagher, JA; Captain Pamela Perillo, JA
(on brief in response to court order); Lieutenant Colonel Mark Tellitocci,
JA; Lieutenant Colonel Matthew M. Miller, JA; Major Grace M. Gallagher, JA;
Captain Pamela Perillo, JA (on brief).

For Appellee: Colonel Denise R. Lind, JA; Lieutenant Colonel Francis C.
Kiley, JA; Major Christopher B. Burgess; Captain Lynn I. Williams, JA (on
brief).

 31 July 2009

 ---------------------------------
 SUMMARY DISPOSITION
 ---------------------------------

Per Curiam:

 A military judge sitting as a general court-martial convicted
appellant, pursuant to his pleas, of absence without leave (AWOL) in
violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886
[hereinafter UCMJ].[1] The military judge sentenced appellant to a bad-
conduct discharge, confinement for eight months, and reduction to Private
E1. Pursuant to a pretrial agreement, the convening authority reduced the
sentence to confinement to six months and approved the remainder of the
sentence as adjudged. This case is before the court for review pursuant to
Article 66, UCMJ.

 FACTS

 Appellate defense counsel alleges post-trial ineffective assistance of
counsel regarding appellant’s clemency submission to the convening
authority. In support of that claim, appellant personally submitted a
declaration under penalty of perjury. The declaration acknowledged one
post-trial telephone conversation with trial defense counsel and stated, in
pertinent part:

 I wanted to stay in the military so I ask[ed] him to
 request disapproval of my BCD or in the alternative a month off
 my confinement. . . . I have not received a copy of my clemency
 petition, and I have absolutely no idea what is contained in
 that petition.

 Appellant further added:

 My attorney never informed me that I could submit
 statements from my family, friends, fellow soldiers or I
could submit my awards and military certificates as
documents to ask for clemency from the Commanding General. I
also would have submitted my medical documentation
regarding my poor vision in one eye which is 20/400
and surgery that was needed on my foot.

 Appellant did not submit the medical documents in question or any
favorable letters or witness statements in support of his claim.

 In response to this allegation, we ordered an affidavit from CPT H,
appellant’s trial defense counsel, regarding his post-trial discussions
with appellant and actions taken to submit Rule for Courts-Martial
[hereinafter R.C.M.] 1105 and 1106 matters. The affidavit was properly
responsive to our series of questions including, inter alia, whether
appellant requested that CPT H present alternative options to the convening
authority, i.e., disapproval of the bad-conduct discharge or a thirty-day
reduction in confinement.

 Captain H’s affidavit provides substance to the multiple post-trial
discussions he had with appellant. CPT H explained under oath:

 I advised appellant of his post-trial appellate rights prior to
 his court-martial on several occasions . . . [and] [i]mmediately
 following his court-martial . . . . I also discussed with
 appellant his post-trial and appellate rights while he was
 incarcerated at the Camp LeJeune Confinement Facility on two
 occasions.

 Captain H further stated he advised appellant regarding:

 the full spectrum of [options] including . . . requesting
 disapproval of the adjudged bad[-]conduct discharge [and]
 requesting a reduction in confinement time . . . . I
 discussed with appellant the pros and cons of making
 an either/or request and how that kind of request could be
 received by the convening authority. My advice was to
 decide what he wanted the most and that we make the
 strongest possible argument for it.

 Based on CPT H’s advice that a reduction in confinement had the best
chance of success, CPT H averred:

 It was appellant’s decision to request a 30 day reduction in
 confinement time. Appellant told me he had a job awaiting him
 back home and that a reduction in confinement time would help
 secure the job. At no time did appellant tell me that he wanted
 the convening authority to disapprove the adjudged bad conduct
 discharge. The clemency we requested was exactly what appellant
 wanted.

 CPT H added he advised appellant to write a letter to the convening
authority on his own behalf or to seek supporting letters or documents from
family or friends and was perplexed when appellant declined to do so.

 On 20 June 2008, CPT H submitted clemency matters to the convening
authority pursuant to R.C.M. 1105 and 1106. The submission consisted of a
one-page memorandum from trial defense counsel requesting a thirty-day
reduction in appellant’s sentence to confinement. CPT H cited various
factors in support of the request, including appellant’s pending employment
in Washington state, the fact that appellant had engaged in no misconduct
during the five-month period appellant was awaiting trial, and that
appellant “had complied with all orders from his chain of command.” There
were no enclosures to the memorandum.

 At trial, appellant agreed with the military judge that trial defense
counsel explained his post-trial and appellate rights and acknowledged he
understood those rights and had signed a post-trial and appellate rights
form[2] that covered in detail the clemency process and relevant deadlines.
 The form was admitted into evidence as an appellate exhibit.

 LAW and DISCUSSION

 This is not a case where trial defense counsel allegedly failed to
engage in post-trial discussions with appellant or consult with him on the
content of R.C.M. 1105 and 1106 submissions. Rather, this case features
yet another instance of an appellant alleging ineffective assistance of
counsel due to inadequate explanation of rights regarding preparation and
submission of clemency matters under R.C.M. 1105 and 1106. We find
appellant was fully informed of those rights, especially as evidenced by
the “Post-Trial and Appellate Rights” form which contains more detailed
information than required by R.C.M. 1010. The use of the “Post-Trial and
Appellate Rights” form, coupled with the judge’s colloquy with the accused
regarding those rights, is a long-standing and efficient staple of military
court-martial practice. See generally United States v. McIntosh, 27 M.J.
204, 207 (C.M.A. 1988) (noting the use of a post-trial appellate rights
form to inform the accused of R.C.M. 1010 rights); United States v.
Gunderman, 67 M.J. 683 (Army Ct. Crim. App. 2009). It safeguards the
rights of the accused and precludes unnecessary appellate litigation. We
decline to reduce the procedure to a legal nullity.

 Under the circumstances of this case, we see no need to order a fact-
finding hearing pursuant to United States v. DuBay, 17 U.S.C.M.A. 147, 37
C.M.R. 411 (1967). “[T]he appellate filings and the record as a whole
‘compellingly demonstrate’ the improbability of [appellant’s allegation].”
United States v. Ginn, 47 M.J. 236, 248 (C.A.A.F. 1997). We, therefore,
may decide appellant’s ineffective assistance of counsel claim without
further proceedings and by applying the first and fourth Ginn principles.
Id. In addition, nothing in appellant’s affidavit persuades us the
convening authority would have granted appellant clemency if the more
serious punishment of disapproval of the bad-conduct discharge had been
presented as an alternative to the reduction in confinement.[3] See United
States v. Moulton, 47 M.J. 227, 229-30 (C.A.A.F. 1997) (“When factual
information is central to an ineffectiveness claim, it is the
responsibility of [appellant] to make every feasible effort to obtain that
information and bring it to the attention of the appellate court.”).
Accordingly, appellant has not established a colorable showing of
prejudice. See United States v. Wheelus, 49 M.J. 283, 288-89 (C.A.A.F.
1998).

 We reject appellant’s ineffective assistance claim. Strickland v.
Washington, 466 U.S. 668 (1984). The assignment of error and the matters
raised personally by appellant under United States v. Grostefon, 12 M.J.
431 (C.M.A. 1982), are without merit.

 The findings of guilty and the sentence are affirmed.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court
-----------------------
[1] Appellant was charged with desertion with intent to avoid hazardous
duty in Iraq in violation of Article 85, UCMJ; his guilty plea was to a
lesser-included offense. Appellant’s AWOL was more than five months in
duration and occurred while his unit was engaged in combat operations.
[2] This document was labeled “Post-Trial and Appellate Rights (General
Court-Martial).”

[3] Appellant’s pretrial agreement (PTA) specifically permitted approval
of “a bad-conduct discharge, if adjudged.” The other terms of the
agreement, highly favorable to appellant, bound the convening authority to
disapprove a dishonorable discharge if adjudged and prohibited the trial
counsel from attempting to prove the greater charge of desertion.
Application of the PTA’s sentence limitation reduced appellant’s sentence
to confinement by two months.