# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, TELLITOCCI, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Master Sergeant GABRIEL A. PARRA, SR.**
**United States Army, Appellant**

ARMY 20110920

Headquarters, Fort Bliss
Karen W. Riddle, Military Judge
Colonel Francis P. King, Staff Judge Advocate (pretrial & recommendation)
Colonel Edward K. Lawson, Staff Judge Advocate (addendum)

For Appellant: Colonel Kevin Boyle, JA; Lieutenant Colonel Peter Kageleiry, Jr., JA; Major Amy E. Nieman, JA; Captain Robert N. Michaels, JA (on brief).

For Appellee: Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Captain Sean Fitzgibbon, JA; Captain Timothy C. Erickson, JA (on brief).

17 July 2014

---------------------------------
SUMMARY DISPOSITION
---------------------------------

COOK, Senior Judge:

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification of conspiracy to receive child pornography in violation of Article 81, Uniform Code of Military Justice, 10 U.S.C. § 881 [hereinafter UCMJ], as well as a host of other sexual offenses for violations of Articles 120, 125, and 134, UCMJ, that occurred between 1997 and 2009.[1] The military judge sentenced appellant to a dishonorable discharge, confinement for forty-nine years, and reduction to the grade of E-1. The convening authority credited appellant with fifty-three days of confinement credit but otherwise approved the adjudged sentence.

---

[1] Appellant was acquitted of one specification of conspiracy to commit abusive sexual contact with a child under the age of 16, two specifications of indecent liberty with a child, one specification of receiving child pornography, one specification of possessing child pornography, and one specification alleging a general disorder, in violation of Articles 81, 120 and 134, UCMJ.

This case is before us for review pursuant to Article 66, UCMJ. Appellant raises four assignments of error, one of which merits discussion but no relief.[2]

## BACKGROUND

On the last day of appellant's trial, appellant and his detailed military defense counsel, Captain (CPT) JM, filled out and signed a standard Defense Counsel Assistance Program (DCAP) Post-Trial and Appellate Rights form (PTAR). The PTAR included guidance that appellant, if convicted and subject to resultant forfeitures, could request a deferment and/or waiver of those forfeitures from the convening authority. Appellant indicated on the PTAR that if subject to forfeitures, he wanted to request a deferment and waiver of those forfeitures.

Although the military judge did not include forfeitures as part of appellant's adjudged sentence, appellant was subject to automatic forfeiture of all pay and allowances. *See* UCMJ art. 58b. Neither appellant nor appellant's defense counsel[3] submitted a request to defer or waive automatic forfeitures.

Appellant and CPT JM submitted clemency matters to the convening authority in accordance with Rule for Courts-Martial [hereinafter R.C.M.] 1105 and 1106. Although CPT JM mentioned in his memorandum that "[appellant] provides financial support for his son, [VP]," CPT JM failed to request the convening authority defer and/or waive forfeitures for the benefit of VP. Instead, CPT JM's memorandum alleged that, based on various legal errors associated with appellant's trial, all charges against appellant should be dismissed and appellant should be returned to active duty so that he "may retire and keep his earned retirement benefits."

On the fourth page of this memorandum, and directly under CPT JM's signature, the following statement appears:

> I have coordinated with CPT [JM] on the submission of
> post trial matters pursuant to Rules for Courts-Martial
> 1105 and 1106. I have read and agree with the contents
> of this submission. Everything that I wanted considered
> by the Convening Authority has been noted and/or
> included as enclosures to this document.

---

[2] Appellant also personally raises several issues pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), none of which merits discussion or relief.

[3] Appellant was represented by CPT JM, a member of the Army's Trial Defense Service, and Mr. PN, a civilian defense counsel, at trial. The record of trial and affidavits submitted to this court by CPT JM and Mr. PN establish that CPT JM was responsible for post-trial matters in appellant's case.

Underneath this statement appears both appellant's signature and his signature block.

Included in the R.C.M. 1105/1106 submission was a two-page typed memorandum signed by appellant and a one-page handwritten memo initialed by appellant. Neither memoranda contained a request that appellant's forfeitures be deferred or waived for the benefit of his dependents. Appellant did not submit documentation that would support a request for deferment and/or waiver of forfeitures. While appellant made a statement on his two-page typed memorandum that he "maintain[ed] [his] innocence," he failed to mention his dependents in either of his memoranda.

In his fourth assignment of error, appellant alleges he was denied effective assistance of counsel because despite the elections reflected on his PTAR, CPT JM failed to submit a request for deferment and waiver to the convening authority. In support of the assignment of error, appellate defense counsel submitted an affidavit from appellant stating that pursuant to the PTAR, appellant requested CPT JM to seek deferment and waiver of forfeitures, appellant did not tell CPT JM not to make this request, and that such payments could have gone to appellant's children.

In response, appellate government counsel obtained an affidavit from CPT JM. In his affidavit, CPT JM stated appellant never asked CPT JM to request a deferment or waiver of forfeitures. To the contrary, he alleged that because appellant had a hard time deciding whether to have CPT JM make this request, and based on the urgency of appellant's need to complete the PTAR before sentencing,[4] CPT JM advised appellant "that if he was not certain then he should check that he wanted a deferral of forfeitures" such advice being "consistent with DCAP guidance at the time." Captain JM asserted it was based on this guidance that appellant filled out this PTAR section.

According to CPT JM's affidavit, defense counsel met with appellant immediately after the trial to discuss post-trial strategy. During this meeting, appellant was concerned about facing additional prosecutions in state courts and therefore wanted to "be very careful" about what post-trial matters were submitted. Captain JM asked appellant during this meeting if appellant wanted CPT JM to submit a request to defer or waive forfeitures. Appellant stated he did not want this request submitted because any money "that went to his dependents would in effect go to his wife." Captain JM and appellant spoke regularly after this initial discussion and appellant's primary concern was reducing his confinement while still

---

[4] Captain JM stated in his affidavit the PTAR was not completed until appellant was about to be sentenced at trial.

avoiding prosecution in civilian courts. Captain JM stated appellant never decided to follow through with what was initially indicated on the PTAR.

**LAW AND DISCUSSION**

In evaluating allegations of ineffective assistance of counsel, we apply the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). This standard requires appellant to demonstrate: (1) that counsel's performance was deficient, and (2) that this deficiency resulted in prejudice. *Id.* Under the first part of this test, appellant must show "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* The relevant issue is whether counsel's conduct failed to meet an objective standard of reasonableness or whether it was outside the "wide range of professionally competent assistance." *Id.* at 690. "On appellate review, there is a 'strong presumption' that counsel was competent." *United States v. Grigoruk*, 56 M.J. 304, 306-307 (C.A.A.F. 2001) (citing *Strickland*, 466 U.S. at 689). The second part of this test is met by showing a "reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694; *see generally United States v. Hood*, 47 M.J. 95 (C.A.A.F. 1997) (applying *Strickland* to address claim of ineffective assistance of counsel during the post-trial stage of appellant's case); *United States v. Gunderman*, 67 M.J. 683 (Army Ct. Crim. App. 2009); *United States v. Clemente*, 51 M.J. 547 (Army Ct. Crim. App. 1999).

Because appellant and counsel have filed conflicting post-trial affidavits, pursuant to *United States v. Ginn*, 47 M.J. 236 (C.A.A.F. 1997), we have analyzed whether a post-trial evidentiary hearing is required. After applying the fourth *Ginn* principle, we find such a hearing is not required in this case. *Id.* at 248. Although appellant's affidavit is factually adequate on its face, in accordance with the fourth *Ginn* principle, "the appellate filings and the record as a whole 'compellingly demonstrate' the improbability of those facts" and therefore we may "discount those factual assertions and decide the legal issue." *Id.*

In making our decision, we find particularly illuminating the matters submitted by CPT JM and appellant pursuant to R.C.M. 1105 and 1106. Captain JM's clemency memorandum basically challenges the validity of the guilty verdict based on a number of alleged legal errors and requests appellant's conviction be overturned as a result. Although CPT JM mentioned appellant's son, stating "[appellant] provides financial support for his son, [VP]," CPT JM did not make a request that the convening authority defer and/or waive forfeitures for the benefit of VP. This submission is consistent with the post-trial strategy outlined in CPT JM's post-trial affidavit.

Based on appellant's attestation on CPT JM's clemency memorandum, it is clear that appellant endorsed this clemency request: one that challenged his conviction and omitted a request for deferment or waiver of forfeitures. In addition, appellant's two memoranda, included as part of the R.C.M. 1105/1106 submission, fail to mention his dependents and do not contain a request for deferment or waiver of forfeitures. Instead, appellant focuses on his innocence and requests the convening authority dismiss all charges against him and return him to active duty. This emphasis is consistent with the strategy outlined in CPT JM's post-trial affidavit.

In addition, appellant has offered no evidence that would support a convening authority approving a request for deferment or waiver of forfeitures. *See Clemente*, 51 M.J. at 551 (an appellant has the responsibility to bring to an appellate court's attention facts rather than mere speculation as relief cannot be granted, under *Strickland*, based on mere speculation).

In sum, while appellant's affidavit raises facts involving ineffective assistance of counsel during the post-trial stage of his court-martial, the record as a whole and the appellate filings "compellingly demonstrate" the improbability of those facts. *Ginn*, 47 M.J. at 248. Thus, under *Ginn*, this court discounts appellant's factual assertions. *Id.* Appellant has failed to demonstrate that counsel's performance was deficient during the post-trial portion of his court-martial. *See Strickland*, 466 M.J. at 687; *Ginn*, 47 M.J. at 248.

## CONCLUSION

On consideration of the entire record, the submissions of the parties, and those matters personally raised by appellant pursuant to *Grostefon*, 12 M.J. at 431, the findings of guilty and the sentence are AFFIRMED.

Judge TELLITOCCI and Judge HAIGHT concur.

FOR THE COURT:

ANTHONY O. POTTINGER
Acting Clerk of Court

5