# United States Navy-Marine Corps Court of Criminal Appeals

————————————

**UNITED STATES**
Appellee

**v.**

**Aaron J. MORRIS**
Sergeant (E-5), U.S. Marine Corps
Appellant

**No. 201800289**

Appeal from the United States Navy-Marine Corps Trial Judiciary.

Decided: 27 March 2019.

Military Judge:
Colonel Matthew J. Kent, USMC.

Sentence adjudged 24 July 2018 by a special court-martial convened at Marine Corps Base Camp Pendleton, California, consisting of a military judge sitting alone. Sentence approved by convening authority: reduction to E-1, forfeiture of "two-thirds pay per month" for 10 months, confinement for 10 months, and a bad-conduct discharge.

For Appellant:
*Major James S. Kresge, USMCR.*

For Appellee:
*Brian K. Keller, Esq.*

————————————

**This opinion does not serve as binding precedent under NMCCA Rule of Appellate Procedure 30.2(a).**

————————————

Before HUTCHISON, TANG, and RUSSELL
*Appellate Military Judges.*

PER CURIAM:

This case was submitted without assignment of error. While we find no error with the findings, we note that the military judge improperly announced the adjudged partial forfeitures portion of the sentence. When partial forfeitures are adjudged, the sentence must state the exact dollar amount of the forfeitures. RULE FOR COURTS-MARTIAL 1003(b)(2), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2016 ed.) ("Unless a total forfeiture is adjudged, a sentence to forfeiture shall state the exact amount in whole dollars to be forfeited each month and the number of months the forfeitures will last."). Here, the military judge announced the forfeitures as "two-thirds pay per month for a period of 10 months" instead of expressing the partial forfeitures in an exact dollar amount.

The convening authority approved the adjudged forfeitures using the military judge's irregular language. By doing so, the convening authority's action effectively increased the forfeitures beyond the amount authorized by R.C.M. 1003(b)(2). At the appellant's reduced grade, forfeiture of "two-thirds pay per month for a period of 10 months" calculates to $1,092.20 pay per month for 10 months, which exceeds the authorized amount by 20 cents per month.

"The failure of the military judge to account for forfeitures in a dollar amount is a clerical error with 'no prejudicial impact on the accused,' and it is easily remedied." *United States v. Jewett*, No. 200900167, 2009 CCA LEXIS 688, at *2 (N-M. Ct. Crim. App. 24 Sept. 2009) (unpub. op.) (quoting *United States v. Gilgallon*, 2 C.M.R. 170, 172 (C.M.A. 1952)). The forfeitures approved by the convening authority shall be reduced to the whole dollar amount per month.

Accordingly, the findings and only so much of the sentence approved below as provides for reduction to E-1, forfeiture of $1,092.00 pay per month for 10 months, confinement for 10 months, and a bad-conduct discharge are affirmed. Articles 59 and 66, UCMJ, 10 U.S.C. §§ 859, 866. All rights, privileges, and property of which the appellant has been deprived by virtue of execution of forfeitures approved by the convening authority which have not been affirmed will be restored. No error materially prejudicial to the appellant's substantial rights occurred. *Gilgallon*, 2 C.M.R. at 172-73.

The findings and sentence as modified are **AFFIRMED**.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court