UNITED STATES, Appellee

v.

David E. GILLEY, Technical Sergeant
U.S. Air Force, Appellant

No. 00-0559

Crim. App. No. 32877

United States Court of Appeals for the Armed Forces

Argued November 18, 2003

Decided February 18, 2004

CRAWFORD, C.J., delivered the opinion of the Court, in which GIERKE, EFFRON, BAKER, and ERDMANN, JJ., joined.

Counsel

For Appellant: Captain James M. Winner (argued); Colonel Beverly B. Knott and Major Terry L. McElyea (on brief).

For Appellee: Captain C. Taylor Smith (argued); Colonel LeEllen Coacher and Lieutenant Colonel Robert V. Combs (on brief).

Military Judge: Howard R. Altschwager

THIS OPINION IS SUBJECT TO EDITORIAL CORRECTION BEFORE FINAL PUBLICATION.

Chief Judge CRAWFORD delivered the opinion of the Court.

Appellant was charged with eight specifications of committing indecent acts on his three stepchildren, one specification of indecent liberties on the stepchildren, and four specifications involving assault and battery of the same children, in violation of Articles 134 and 128, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 934, 928 (2000).  On April 23, 1997, Appellant was convicted, contrary to his pleas, by a general court-martial consisting of officer and enlisted members, of five specifications of indecent acts, one specification of indecent liberties, and one specification of assault and battery.  Appellant was sentenced to a dishonorable discharge, confinement for ten years, total forfeiture of pay and allowances, and reduction to E-1.  The convening authority approved the adjudged sentence.

On April 27, 2000, the Air Force Court of Criminal Appeals (Air Force Court) affirmed the findings and sentence.  On November 15, 2001, this Court set aside the decision of the Air Force Court, holding that Appellant was denied effective assistance of counsel during the post-trial phase of his court-martial.  United States v. Gilley, 56 M.J. 113 (C.A.A.F. 2001). This Court ordered that the record of trial be submitted to an officer exercising general court-martial jurisdiction over Appellant for consideration of a new staff judge advocate

2

recommendation, petition for clemency, and action for the case. Id. at 125.

On June 26, 2002, the convening authority approved the original sentence and denied the relief sought by Appellant's new clemency petition. On August 5, 2002, the Air Force Court affirmed the findings and sentence. United States v. Gilley, ACM No. 32877 (A.F. Ct. Crim. App. Aug. 5, 2002). On August 4, 2003, this Court specified review of the following issue:

> WHETHER RULE 26 OF THE COURTS OF CRIMINAL APPEALS RULES OF PRACTICE AND PROCEDURE, PROMULGATED PURSUANT TO ARTICLE 66(f), UNIFORM CODE OF MILITARY JUSTICE, 10 U.S.C. § 866(f) (2000), ALLOWS THE CHIEF JUDGE OF A COURT OF CRIMINAL APPEALS TO REQUIRE THE PARTIES IN A CASE REMANDED TO A COURT OF CRIMINAL APPEALS BY THIS COURT TO SUBMIT BRIEFS AND OTHER FILINGS IN LESS THAN THE 60 DAYS PRESCRIBED BY RULE 15 OF THE COURTS OF CRIMINAL APPEALS RULES OF PRACTICE AND PROCEDURE.

For the reasons set forth below, we hold that Air Force Court of Criminal Appeals Rule (AFCCA Rule) 2.2, which requires counsel to submit briefs for a remanded case within seven days, which is less than the 60 days prescribed by Courts of Criminal Appeals Rule of Practice and Procedure (CCA Rule) 15, is invalid. Nevertheless, because Appellant has failed to demonstrate prejudice, we affirm the decision of the Air Force Court.

## FACTS

As noted above, this case is before this Court for the second time. In our first review of the case, we set aside the

3

decision of the Air Force Court and the convening authority's
action, and returned the case for a new staff judge advocate
recommendation and convening authority action. Following a new
action affirming the findings and sentence, the case was
forwarded to the Air Force Court for further review on July 25,
2002. The court released its opinion affirming the findings and
sentence nine days later. Appellate defense counsel did not
file a brief with assignments of error during those nine days,
and the Air Force Court reviewed the case on the merits.

## DISCUSSION

At issue in this case is the validity of AFCCA Rule 2.2,
which dictates that for cases upon further review before the Air
Force Court, including remanded cases,

> [t]he parties must present any filings regarding the
> case within 7 days of notification that the record was
> received by the Appellate Records Branch of the
> Military Justice Division (AFLSA/JAJM). For good
> cause shown, the Court may extend the 7-day time
> limit. . . .
>
> . . . If no filings are received by the Court within 7
> days, the Court will treat the case as a "merits"
> case.

(Emphasis added.) Because appellate defense counsel did not
file a brief with assignments of error within the seven days
required by this rule, the Air Force Court by default reviewed
Appellant's case on the merits. Appellant now claims that this
rule improperly varies from CCA Rule 15(b), which provides: "Any

4

brief for an accused shall be filed within 60 days after appellate counsel has been notified of the receipt of the record in the Office of the Judge Advocate General." (Emphasis added.) We agree with Appellant in this regard.

Article 66(f) states: "The Judge Advocates General shall prescribe uniform rules of procedure for Courts of Criminal Appeals and shall meet periodically to formulate policies and procedure in regard to review of court-martial cases in the office of the Judge Advocates General and by Courts of Criminal Appeals." (Emphasis added.) Pursuant to Article 66(f), the Judge Advocates General of the armed forces jointly enacted the CCA Rules on May 1, 1996. See 44 M.J. LXIII (1996). Among these rules is CCA Rule 15(b), which grants an accused 60 days after counsel is notified of the receipt of the record to file any brief before a Court of Criminal Appeals, as quoted above. Also among these rules is CCA Rule 26, which notes that "[t]he Chief Judge of [each service Court of Criminal Appeals] has the authority to prescribe internal rules for the Court." See Article 140, UCMJ, 10 U.S.C. § 940 (2000)(authorizing sub-delegation of the Article 66(f) rulemaking power). We note that this case does not challenge the authority of a Court of Criminal Appeals under CCA Rule 25 to suspend a rule in a particular case. The question before us is whether Article 66(f) permits an individual Court of Criminal Appeals to invoke

5

CCA Rule 26 to create its own exclusive filing deadline which varies from the general filing deadline put forth in CCA Rule 15(b). Looking to the legislative intent behind Article 66(f), we conclude that it does not.

"In construing the language of a statute or rule, it is generally understood that the words should be given their common and approved usage." United States v. McCollum, 58 M.J. 323, 340 (C.A.A.F. 2003)(quoting United Scenic Artists v. NLRB, 762 F.2d 1027, 1032 n.15 (D.C. Cir. 1985)(internal quotation marks omitted)). The word "uniform" in legal parlance commonly means "[c]haracterized by a lack of variation; identical or consistent." Black's Law Dictionary 1530 (7th ed. 1999). The term "procedure" is defined, in pertinent part, as "[a] specific method or course of action." Id. at 1221 . Finally, Black's Law Dictionary defines the applicable term "rule" as "a general norm mandating or guiding conduct or action in a given type of situation." Id. at 1330. Employing these definitions, we interpret Article 66(f) to require identical rules among all Courts of Criminal Appeals regarding any course of action an appellant may take in a case before such court – which includes

filing a brief.[*]  Article 66(f) therefore requires the Courts of Criminal Appeals to enforce identical deadlines for filing briefs.  In this vein, CCA Rule 15(b) provides one deadline for the filing of <u>any</u> brief before <u>all</u> Courts of Criminal Appeals.  Because the seven-day deadline for filing briefs in cases on remand under AFCCA Rule 2.2 varies from the 60-day timeline in the uniform rule, it is invalid.

The Government avers that CCA Rule 26 authorizes the Air Force Court to create its own filing deadline for cases upon further review, even if that deadline varies from the uniform guidance of CCA Rule 15(b).  We disagree.  First, CCA Rule 26 authorizes the Courts of Criminal Appeals to create "internal" court rules.  The dictionary defines "internal" in pertinent part as "existing or situated within the limits."  Merriam-Webster Unabridged Dictionary 1180 (1986).  Thus, CCA Rule 26 authorizes the Courts of Criminal Appeals to create rules applying to entities "existing or situated within [each court's] limits."  By contrast, a rule governing filings or briefs, such

---

[*] This interpretation is consistent with the opinion expressed by the Senate Armed Services Committee in its report on the creation of the UCMJ that "[u]nder [the UCMJ], personnel of the armed forces, regardless of the Department in which they serve, will be subject to the same law and will be tried in accordance with the same procedures."  S. Rep. No. 81-486, at 2 (1949). See <u>Mississippi Band of Choctaw Indians v. Holyfield</u>, 490 U.S. 30, 43 (1989)(suggesting that congressional intent may inform statutory interpretation).

as AFCCA Rule 2.2, applies to entities external to the court, i.e., the parties. Moreover, an internal rule created under CCA Rule 26 logically cannot conflict with a uniform rule of procedure already adopted by the Judge Advocates General. Indeed, a subject deemed appropriate by the Judge Advocates General for a uniform rule cannot also be an appropriate subject for a different, internal rule. Because AFCCA Rule 2.2 applies to external, not internal, entities, and because it logically conflicts with the uniform guidance of CCA Rule 15(b), it is outside the scope of CCA Rule 26. Further background on the Court's Rules is set forth in Eugene R. Fidell et al., Rules of Practice and Procedure and Citation--United States Armed Services Courts of Criminal Appeals—United States Courts-Martial (2003).

Notwithstanding the invalidity of AFCCA Rule 2.2, Appellant fails to identify any assignments of error that appellate defense counsel would have submitted even with the benefit of CCA Rule 15(b). Indeed, after the Air Force Court considered Appellant's case a second time, Appellant filed a merits petition with this Court on October 2, 2002, with no errors assigned. It was only 28 days after this initial petition, on October 30, that Appellant filed a supplemental brief raising two issues, neither of which was granted by this Court. See Article 67(a)(3), UCMJ, 10 U.S.C. § 867(a)(3) (2000)(dictating

that this Court may only grant review of a petitioned issue "on good cause shown"). Instead, we issued a show cause order for the Government to explain "why the decision of the Air Force Court of Criminal Appeals should not be set aside and the case remanded to that court for further review in accordance with Article 66," given the impression that "the decision of the Air Force Court of Criminal Appeals may have been premature." United States v. Gilley, 58 M.J. 278 (C.A.A.F. 2003). The Government's response to the show cause order, which relied on AFCCA Rule 2.2 to justify departure from the 60 day filing deadline imposed by CCA Rule 15(b), led to the specified issue now before us.

Thus, at no point has Appellant alleged or demonstrated that he was unable to submit a brief with assignments of error within the seven day time limit. Consequently, Appellant has not identified any prejudice resulting from the application of AFCCA Rule 2.2 to his case. See Article 59(a), UCMJ, 10 U.S.C. § 859(a) (2000)("A finding or sentence of court-martial may not be held incorrect on the ground of an error of law unless the error materially prejudices the substantial rights of the accused.").

For these reasons, the decision of the United States Air Force Court of Criminal Appeals is affirmed.

9