*This opinion is subject to revision before publication*

# UNITED STATES COURT OF APPEALS
## FOR THE ARMED FORCES

———————————

### UNITED STATES
Appellee

**v.**

### Jordan R. MULLER, Airman First Class
United States Air Force, Appellant

**No. 19-0230**
Crim. App. No. 39323

Argued November 5, 2019—Decided February 12, 2020

Military Judge: Andrew Kalavanos

For Appellant: *Mark C. Bruegger*, Esq. (argued); *Major Yolanda D. Miller* (on brief).

For Appellee: *Captain Peter F. Kellett* (argued); *Lieutenant Colonel Brian C. Mason* and *Mary Ellen Payne*, Esq. (on brief).

Amicus Curiae in Support of Appellant: *Rebecca S. Snyder*, Esq., and *Captain Valonne L. Ehrhardt*, USMC (on brief)— for United States Navy-Marine Corps Appellate Defense Division.

———————————

PER CURIAM. Judge MAGGS filed a separate dissenting opinion.

A general court-martial composed of a military judge sitting alone convicted Appellant, pursuant to his pleas, of use and distribution of cocaine and use of 3, 4 methylenedioxymethamphetamine (commonly known as ecstasy) in violation of Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a (2012). Appellant was sentenced to reduction to E-1, confinement for nine months, and a bad-conduct discharge. The convening authority approved the sentence.

In May 2018, appellate defense counsel submitted Appellant's case to the United States Air Force Court of Criminal Appeals (CCA) on the merits without any assignments of error. On September 12, 2018, the CCA issued an order for the Government to show good cause why the record should not be returned for correction pursuant to Rule for Courts-Martial

(R.C.M.) 1104(d) because Prosecution Exhibit (PE) 7 was apparently missing from the record. The Government responded in a timely fashion with a motion to attach an enlisted performance report (EPR) for Appellant, dated July 9, 2016, and an accompanying affidavit from the trial counsel who said she was "extremely confident" the attached EPR was the same PE 7 from trial.

In October 2018, the CCA returned the record to the Judge Advocate General for correction of the record to account for the missing exhibit in accordance with R.C.M. 1104(d). On November 26, 2018, the Government moved to attach a certificate of correction by the military judge. On November 30, 2018, the CCA granted the Government's motion to attach out of time. On December 6, 2018, Appellant filed a motion for leave to file supplemental assignments of error. Those supplemental assignments of error alleged unlawful command influence and dilatory appellate review. On December 10, 2018, Appellant also filed a motion to attach his affidavit, alleging that he suffered prejudice from the dilatory appellate review because it delayed the issuance of a DD Form 214, resulting in difficulties gaining employment and submitting a claim with the Department of Veterans Affairs. The Government did not file a response to these motions.

On December 21, 2018, the CCA denied Appellant's motions without comment or explanation and issued a decision summarily affirming the findings and sentence of Appellant's court-martial. Appellant requested reconsideration, with a suggestion for reconsideration en banc, based on his belief that he timely filed his supplemental assignments of errors and that the CCA erred in failing to consider them. The CCA denied his reconsideration request.

Although the CCA did not provide any reasoning behind its denial of Appellant's motion to file supplemental assignments of error, Appellant contends before this Court that the CCA found the motion untimely under Rule 15.5 of the United States Air Force Court of Criminal Appeals Rules of Practice and Procedure [hereinafter Air Force Rules]. Appellant then argues that the rule is invalid because it directly conflicts with the

Joint Courts of Criminal Appeals Rules of Practice and Procedure [hereinafter Joint Rules],[1] and our precedent in *United States v. Gilley*, 59 M.J. 245 (C.A.A.F. 2004). The Government disagrees.

We granted review to determine whether Air Force Rule 15.5 was invalid because it conflicted with the Joint Rules and our precedent. We further granted review to determine whether the CCA deprived Appellant of due process to raise issues on appeal when it denied his request to file a supplemental brief, and whether a CCA must require a certificate of correction to be accomplished—as opposed to accepting documents via a motion to attach—when it finds a record of trial incomplete due to a missing record.

At the time that Appellant filed his motion to file supplemental assignments of error, Air Force Rule 15.5 provided:

> When a case returned by the Court to TJAG for remand to the convening authority for anything other than a rehearing is again before the Court and appellate counsel previously filed an initial brief and assignment(s) of error, appellate defense counsel shall within 10 calendar days of re-docketing either request leave to file a supplemental pleading under Rule 23 or inform this Court that the appellant does not wish to file additional pleadings.[2]

At the same time, Joint Rule 15(b) provided that "[a]ny brief for an accused shall be filed within 60 days after appellate counsel has been notified of the receipt of the record in the Office of the Judge Advocate General." In addition, Joint

---

[1] On January 1, 2019, the Joint Rules were amended, renumbered, and renamed as the Joint Rules of Appellate Procedure for Courts of Criminal Appeals.

[2] Effective August 1, 2019, Air Force Rule 18.4 now provides simply that "Supplemental filings must be submitted by motion for leave to file in accordance with [Joint] Rule 23(d). If the motion is granted, the opposing party may file a response to the supplemental filing within 30 days." Only the validity of the former Air Force Rule 15.5 is before this Court.

Rule 26 authorized the Chief Judge of the CCA to prescribe internal rules for that court.[3]

In *Gilley*, this Court confronted a similar conflict between an Air Force filing rule that varied from the Joint Rules and held as follows:

> The Government avers that [Joint] Rule 26 authorizes the Air Force Court to create its own filing deadline for cases upon further review, even if that deadline varies from the uniform guidance of [Joint] Rule 15(b). We disagree. First, [Joint] Rule 26 authorizes the Courts of Criminal Appeals to create "internal" court rules. The dictionary defines "internal" in pertinent part as "existing or situated within the limits." Merriam–Webster Unabridged Dictionary 1180 (1986). Thus, [Joint] Rule 26 authorizes the Courts of Criminal Appeals to create rules applying to entities "existing or situated within [each court's] limits." By contrast, a rule governing filings or briefs, such as [Air Force] Rule 2.2,[4] applies to entities external to the court, i.e., the parties. Moreover, an internal rule created under [Joint] Rule 26 logically cannot conflict with a uniform rule of procedure already adopted by the Judge Advocates General. Indeed, a subject deemed appropriate by the Judge Advocates General for a uniform rule cannot also be an appropriate subject for a different, internal rule. Because [Air Force] Rule 2.2 applies to external, not internal, entities, and because it logically conflicts with the uniform guidance of [Joint] Rule 15(b), it is outside the scope of [Joint] Rule 26.

59 M.J. at 247–48 (fifth alteration in original) (footnote added).

We conclude that Air Force Rule 15.5 is, likewise, invalid, insofar as it contradicts the Joint Rules. Because the CCA

---

[3] Joint Rules 15(b) and 26 in effect at the time of the *Gilley* decision are the same as the joint rules under consideration in Appellant's case.

[4] Air Force Rule 2.2. required parties to present any filings regarding a remanded case within seven days of receiving notice that the appellate records branch received the record. *See Gilley*, 59 M.J. at 246.

summarily denied Appellant's motion to file supplemental assignments of error, we cannot determine whether the denial was based on the invalid Air Force Rule 15.5, or some other valid basis.[5] Because we remand the case to the CCA, the due process issue is now moot. Finally, we conclude that it is unnecessary to determine the certificate of correction issue.

The judgment of the United States Air Force Court of Criminal Appeals is reversed. The record of trial is returned to the Judge Advocate General of the Air Force for remand to the Court of Criminal Appeals for a new review under Article 66(c), UCMJ, 10 U.S.C. § 866(c) (2012).

---

[5] The dissent acknowledges the parties' agreement that the motion to file supplemental assignments of error was timely filed within the ten-day limit imposed by Air Force Rule 15.5. However, Appellant also acknowledged—in his brief and at oral argument—some ambiguity about the dates. Further, the record itself is unclear as to when the clock began to run on Rule 15.5's ten-day limit. Lastly, as the CCA did not articulate its reasons for denying the motion, we cannot be certain that court agreed with the parties that the motion was timely filed.

Judge MAGGS, dissenting.

I respectfully dissent. A remand is not necessary in this case. I would simply affirm the decision of the U.S. Air Force Court of Criminal Appeals (AFCCA).

## I. AFCCA Rule 15.5

We granted review of three issues. *United States v. Muller*, 79 M.J. 212 (2019) (order granting petition for review). The first asks whether Rule 15.5 of the AFCCA's Rules of Practice and Procedure [hereinafter AFCCA Rules] is invalid. *Id.* Appellant argues AFCCA Rule 15.5 is invalid because the rule's ten-day deadline for filing supplemental papers conflicts with the sixty-day deadline in Rule 15(b) of the Joint Courts of Criminal Appeals Rules of Practice and Procedure [hereinafter Joint Rules]. I do not believe that we should decide this issue because it is now clear that the validity of AFCCA Rule 15.5 does not matter in this case. Whether Appellant should have had sixty days instead of ten days to file his supplemental assignments of error makes no difference because both parties now agree that Appellant filed his supplemental assignments of error within eight days of the AFCCA's grant of the Government's motion to attach.[1] The validity of AFCCA Rule 15.5 would be an issue only if Appellant filed after ten days but before sixty days, because we then would have to

---

[1] Brief for Appellant at 9, *United States v. Muller,* No. 19-0230 (C.A.A.F. Aug. 28, 2019) ("[O]n December 6, 2018—eight days after the Air Force Court granted the government's motion to attach— A1C Muller moved for leave to file a supplemental assignment of errors."); Brief for Government at 11, *United States v. Muller,* No. 19-0230 (C.A.A.F. Sept. 27, 2019) ("Whether AFCCA followed its own 10-day rule or the Joint Rule's 60-day rule, Appellant filed his motion within the time required under both rules as he contends— within eight days after AFCCA granted the motion to attach the certificate of correction, which was when he was notified the record had been returned to the court."). At oral argument, Appellant noted some ambiguity about the dates but insisted "it is our position that we did meet [the deadline]." Appellant further argued that the shortened deadline, if enforceable, would prevent filing any further assignments of error after ten days. But Appellant neither attempted to make any additional filings nor even indicated what he might have filed.

decide whether AFCCA Rule 15.5 or Joint Rule 15(b) should control.

## II. Due Process

The second issue granted by this Court asks whether the AFCCA denied due process to Appellant when it denied his timely request to file a supplemental brief containing two assignments of error. *Muller*, 79 M.J. at 213. As an appellate court, we can affirm the AFCCA's judgment based on any valid ground supported by the record. *See Murr v. Wisconsin*, 137 S. Ct. 1933, 1949 (2017). In this case, the record shows that, even if the AFCCA had no proper basis for denying Appellant's filing *and* the denial constituted a violation of due process, the alleged error by the AFCCA would be harmless beyond a reasonable doubt.[2] *See Chapman v. California,* 386 U.S. 18, 24 (1967) (requiring appellate courts to review constitutional errors under a "harmless beyond a reasonable doubt" standard); *see United States v. Toohey*, 63 M.J. 353, 363 (C.A.A.F. 2006) (finding a violation of due process by the U.S. Navy-Marine Court of Criminal Appeals in its handling of an appeal and reviewing the violation under a standard of harmlessness beyond a reasonable doubt). Accordingly, Appellant is not entitled to relief from this Court, and I would affirm the AFCCA on this ground.

The first supplemental assignment of error asked whether the convening authority unlawfully influenced the proceeding. The facts behind this assignment of error are simply stated. In an effort to correct the record by including a missing exhibit, the convening authority ordered the military judge to "verify that this exhibit is what you reviewed as the military judge in U.S. v. Miller." Appellant argued that this order constituted unlawful influence because the convening authority was ordering the military judge to rule in favor of the Government.

---

[2] The Government argues both that Appellant suffered no prejudice and that Appellant failed to demonstrate the relevance of the filing as required by AFCCA Rule 23.3(b). Because I agree with the Government's argument with respect to the lack of prejudice, I do not address the Government's argument with respect to relevance.

This argument had no merit. To be sure, in some contexts the verb "to verify" may mean "to swear to or affirm the truth of." *Merriam-Webster's Third International Dictionary of the English Language Unabridged* (2002) (entry for "verify"). But in other contexts the verb simply means "to check or test the accuracy or exactness of." *Id.* The context here shows that, when the convening authority ordered the military judge to "verify" the exhibit was the correct one, the convening authority was not directing the military judge to make a particular decision. An exhibit missing from the record needed to be added, and the convening authority was simply asking the military judge to confirm whether the transmitted exhibit was or was not the correct exhibit. Legal texts routinely use the term "verify" in this sense of checking whether something is correct. *See, e.g., Fisher v. Univ. of Texas*, 570 U.S. 297, 312 (2013) ("Narrow tailoring also requires that the reviewing court *verify* that it is necessary for a university to use race to achieve the educational benefits of diversity." (emphasis added) (internal quotation marks omitted) (citation omitted)). Based on the military judge's response, I am also certain beyond a reasonable doubt that the military judge interpreted the convening authority's order in this way.

The second supplemental assignment of error asked whether unreasonable delay in processing a certificate of correction warranted sentence relief. Appellant argued in his filing that the Government unnecessarily took twenty-four days to forward materials in its possession to the military judge. He further argued that this waste of time prejudiced him by delaying his job search and his claims before the Department of Veterans Affairs. In my view, this assignment of error also plainly lacked merit. As the Government correctly contends, even if the AFCCA had considered this assignment of error, the AFCCA would have ruled against Appellant because Appellant failed to provide documentation from the Department of Veterans Affairs and from potential employers in support of his claims made in the declaration, as our precedent requires. *See United States v. Allende*, 66 M.J. 142, 145 (C.A.A.F. 2008) (requiring evidence that post-trial delay caused prejudice by delaying employment).

In sum, because neither of the two supplemental assignments of error had merit, Appellant suffered no prejudice

from the AFCCA's decision not to consider them. Even if the AFCCA erred in its decision not to accept the filing, and even if this error constituted a violation of due process, the error was harmless beyond a reasonable doubt.

### III. Certificate of Correction

The third issue granted by this Court asks whether a Court of Criminal Appeals must require certificates of correction to be accomplished, instead of accepting documents via a motion to attach, when it finds a record of trial to be incomplete due to a missing exhibit. *Muller*, 79 M.J. at 213. The Court added this issue based on a request by the Government in its answer to Appellant's petition for review.

Appellant argues that resolution of this issue is not necessary to this case. The Government asserts that the answer to this question is relevant if this Court reverses the AFCCA, because the answer would affect the AFCCA's reassessment of the sentence and the AFCCA's evaluation of Appellant's supplemental assignment of error concerning post-trial delay. Given the parties' positions, and because I believe that this Court should affirm rather than reverse and remand, I see no need to address this issue.

For these reasons, I respectfully dissent.